AKIN VS. NEWELL.

32 605
65 278

FALSE IMPRISONMENT: *Malice, want of probable cause, etc.*
  In an action of trespass for false imprisonment it is unnecessary to allege
  or prove malice; and an allegation that the plaintiff was forcibly, unlaw-
  fully and falsely imprisoned, is a sufficient averment of want of probable
  cause.

APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.
*Duffie & Hill,* for appellant.
*Kimball, contra.*

ENGLISH, CH. J.:

On the 11th of May, 1876, the following complaint was filed
in the Pulaski Circuit Court.

"The plaintiff N. M. Newell complains of James H. Akin
and says that heretofore, on the 8th day of May, 1876, the said
defendant unlawfully and forcibly restrained the plaintiff of his
liberty, and did unlawfully and falsely imprison him for a long
space of time to-wit: for the space of twelve hours, whereby the
plaintiff was greatly injured against his will. Wherefore he
demands damages against the defendant in the sum of five
thousand dollars and for his costs.".

A writ was issued and served on the defendant on the 11th of
May, 1876, returnable on the first day of the following October
Term.

On the 1st of December, 1876, the cause was called, and de-
fendant failing to appear, a default was entered against him; and
on the next day a writ of inquiry was executed, and the jury
assessed the plaintiff's damages at $200, for which judgment was
rendered.

On the 5th of December the defendant filed a motion to set
aside the judgment, which was heard on the 3d of January, 1877,
and overruled by the court.

On the 8th of January an amended motion to set aside the judgment was filed, heard and overruled.

The defendant, without taking any bill of exceptions to bring upon the record such facts as were before the court when the motions to set aside the judgment were heard, appealed to this court.

Counsel for appellant urge, in strong language, that the complaint is a very poor specimen of pleading; that it shows no cause of action; that it does not state facts which will support a judgment by default. The particular objection taken to it is, that it alleges neither malice nor want of probable cause, both of which, the counsel say, are absolutely essential to sustain the action.

In an action for malicious prosecution, both at common law and under the Code pleading, it is necessary for the plaintiff to allege and prove malice and want of probable cause. *Purcel, Spinster*, v. *McNamara, Esq.*, 1 Campbell Nisi Prius Rep., 199; 1 Chitty Plead., 389-90; 2 Ib., 600 form; Newman Plead. & Prac., 417; 2 Greenleaf Ev., sec. 449.

In the common law forms, the plaintiff alleges the proceeding, criminal or civil, in which he has been prosecuted by the defendant, that the prosecution is at an end, that it was instituted maliciously and without probable cause, and that he thereby sustained damage. See the precedents.

But from the language employed in the complaint in this case we do not think it was intended to be an action for malicious prosecution, but an action in the nature of the common law action of trespass for false imprisonment.

In the head note to *Bebee* v. *DeBaun*, 8 Ark., 510; it is said; " Malice and want of probable cause are both essential requisites to the maintenance of an action for false imprisonment;" and the court did say, in that case, that it was conceded that malice

and want of probable cause were both essential requisites to the maintenance of that suit. But it will be seen by examining the declaration in the case, the facts reported and the opinion of the court, that the action was strictly for malicious prosecution and and not for false imprisonment. DeBaun sued Bebee, for prosecuting a civil suit against him, with malice and without probable cause, and causing him to be arrested, etc.

It is not true that it is necessary to allege and prove malice in trespass for false imprisonment, and malice is not alleged in the common law precedents, though want of probable cause is.

Mr. Chitty's common count for false imprisonment generally, after the usual commencement, is as follows : " For that the said defendant on, etc., with force and arms, etc., assaulted the said plaintiff, to-wit: at etc., and then and there beat, bruised and ill-treated him, and then and there imprisoned him and kept and detained him in prison there, without any reasonable or probable cause whatever, for a long term, to-wit: for the space of—hours then next following, contrary to the laws and customs of this realm, and against the will of the said plaintiff." (Conclude as in precedents before given) 2 Chitty Plead., 857-8.

An assault and battery is usually alleged in the precedents, but this is not necessary, the imprisonment being sufficient.

See also form for false imprisonment in Peterbaugh's Plead. and Prac., p. 462.

An officer, without a particle of malice or ill-will, may arrest, by mistake, an innocent man and imprison him as a supposed felon, for which he may be sued for false imprisonment. So an officer may in good faith, and without malice, arrest and imprison a man upon a void writ, and yet he may be liable to an action for false imprisonment for making the assault.

In an action for false imprisonment, under the Code pleading, it is not necessary to state at length all the circumstances and

the particular instrumentality by which the plaintiff was restrained of his liberty.   Newman on Plead. and Prac., 260.   A statement of the facts constituting the cause of action, in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended, is sufficient.   *Shaw* v. *Jayne*, 4 Howard Prac. Rep., 121.

In the case last cited, the learned Judge, who delivered the opinion of the court, and who seems to have had a horrow of long and minute forms, said :   "I suppose it would be sufficient in this case for the complaint to state, 'that the defendant, on etc., at etc., unlawfully seized and took the plaintiff by his body, and compelled him to go from a certain dwelling-house in the town of Urbana, in the County of Stueben, through divers roads and highways, to the common jail in the County of Stueben, and then imprisoned him against his will for the space of ten days, to the great damage of the plaintiff', and demanding judgment for $1,000."

It is not alleged in the complaint in this case that plaintiff was imprisoned without reasonable or probable cause, but it is alleged that he was forcibly, unlawfully and falsely imprisoned, which we take to be substantially sufficient.

Appellant in his motion to set aside the judgment by default, stated as a reason for not defending the action, that he was sick at the time the judgment was entered, and for some time before ; that on the 15th day of the previous November, he had spoken to counsel to look into the case, meaning thereby to retain him, but the counsel did not so understand it, and failed to represent him.   That his defense was that he arrested appellee under valid process, etc.

As appellee failed to bring upon the record, by bill of exceptions, the facts which were made to appear to the court on the

hearing of this motion, there is nothing before us, as we have repeatedly held, upon which we can properly review the decision of the court overruling the motion.

Affirmed.