JOHN F. DAVIS v. HARVEY TERRY et al.

*Specific Performance of Contract—Repudiation, what is not— Pleading—Counter-claim.*

1. Where a contract for the purchase and sale of land provided that the survey should be made at the joint expense of the parties and a tender of a deed was made accompanied by a demand for the payment of one-half of what the purchaser claimed and which was afterwards adjudged to be exorbitant, the refusal of the purchaser to pay such exorbitant charge cannot work a forfeiture of his right to a conveyance, he having complied with the terms of the contract.

DAVIS v. TERRY.

2. Where A contracted to convey lands to B, who paid the purchase-money therefor, and B afterwards brought suit to have the written contract reformed so as to include more land which he alleged A verbally agreed to convey, such suit, though unsuccessful, was not a repudiation by B of the written contract, and cannot have the effect of depriving him of his right to a specific performance of the same.

3. Although a counter-claim set up in an answer and admitted therein to be the subject of another action pending between the parties will be abated upon the objection of the plaintiff by a proper pleading, yet such objection, if waived, cannot afterward avail the plaintiff.

4. A counter-claim for damages for the malicious prosecution of a prior action which fails to allege facts showing that the prosecution of such prior action was without probable cause, is bad.

CIVIL ACTION, tried before *Brown, J.*, and a jury, at a Special Term of PASQUOTANK Superior Court.

There was judgment for plaintiff, and defendant appealed. The facts are sufficiently stated in the opinion of Chief Justice SHEPHERD. (See also, *Davis v. Ely*, 104 N. C., 16, and *Ely v. Davis*, 111 N. C., 24).

*Mr. W. J. Griffin*, for plaintiff.
*Mr. Harvey Terry*, for defendants (appellants).

SHEPHERD, C. J.: This is an action for the specific performance of a contract to convey a certain part of what is called the "Great Park Estate." Under the terms of the contract the defendants Ely and wife through their attorney in fact, Terry, covenanted, in consideration of the sum of five thousand dollars (which has been paid by the plaintiff), to convey to the plaintiff one-half of said real estate, to be ascertained by a survey, running a line nearly north and south, the said survey to be made at the joint expense of the parties. The defendants in the same agreement also covenanted to convey to the plaintiff thirteen hundred

acres of land adjoining the "Great Park Estate," which we may designate as the Hall tract. The survey was made by one Cassall and a deed was prepared containing one-half of the said estate according to the survey and also including thirteen hundred acres of adjoining land according to the contract as it was written. This deed was tendered to the plaintiff upon the condition that he pay to the said Terry the sum of seven hundred dollars, which was stated to be one-half of the expenses of the survey. The plaintiff refused to pay this amount on the ground that the charge was excessive, being more than one-half of the said expenses, and his contention was sustained in an action brought against him for the said amount, the recovery being only for the sum of four hundred dollars. This amount was paid by the plaintiff and he has been in possession of the estate for many years. Since that time he has demanded a conveyance according to the survey and the terms of the contract, but the defendants have refused and now refuse to execute the same.

Very clearly the plaintiff did not forfeit his rights under the contract because of his refusal to pay the excessive charges of the defendants, and the only ground upon which a specific performance is resisted is based upon a supposed repudiation of the contract by the plaintiff. This is a total misapprehension on the part of the defendants, as the action brought by the plaintiff (upon which the defendants rely as sustaining their defence) was not for the purpose of rescinding the contract, but for its correction by including all of the Hall tract and enforcing the contract with the variation as corrected. The plaintiff alleged that he was induced to enter into the contract by reason of the false and fraudulent representations of the defendant Terry, the agent of the defendants, as to the quantity of land embraced in the

Hall tract.    The testimony tending to establish the alleged
fraud was properly excluded by the Court on the ground
that the plaintiff expressly disclaimed any purpose to
rescind the contract, and that it would be in contravention
of the spirit and policy of the statute of frauds to correct
the contract by adding additional land upon verbal testi-
mony alone.    The ruling of the Court was affirmed upon
appeal (*Davis* v. *Ely*, 104 N. C., 16), but we explicitly
declared that the plaintiff could enforce the performance of
the contract in its present form, and this is precisely what
he is seeking to do in this action.

.We are wholly at a loss to understand why the plain-
tiff is not entitled to the relief prayed for, as it is not
pretended that he is barred by the statute of limita-
tions, or that he has been guilty of such laches as
will stay the hand of a court of equity.    The motion
for nonsuit, therefore, simply on the ground that the
plaintiff had brought the said action to correct the con-
tract, was properly overruled.    This being determined,
there is nothing in the other objections to a decree for
specific performance, as the issues were submitted without
objection and found against the defendants without a single
exception, either to the rejection or admission of testimony
or the charge of his Honor.    According to these findings
the plaintiff has complied with all of the terms of the con-
tract, and is " the equitable owner of that part of the 'Great
Park Estate' set out in the complaint, and entitled to a
conveyance therefor from the defendants Ely and wife."
The exception to the judgment upon such findings is mani-
festly untenable.

The other exceptions are addressed to the rulings upon
the counter-claim of the defendants.    As it is admitted in
the answer that the facts set forth in the counter-claim are
the subject of another action now pending in the Courts of

this State, the counter-claim would have been abated had the objection been insisted upon by proper pleading. This seems to have been waived, and cannot now avail the plaintiff. *Hawkins* v. *Hughes*, 87 N. C., 115. The other objections, however, were properly raised and in apt time. In an action brought by the defendants against the plaintiff upon substantially the same allegation it was decided by this Court, upon demurrer *ore tenus*, that the complaint did not set forth facts sufficient to constitute a cause of action, in that it failed to allege or set forth facts showing that the prosecution of the suit by the plaintiff against the defendants to reform the deed, etc. (which was the basis of the action), was without probable cause. The Court said that "this omission was in itself fatal to plaintiff's action." *Ely* v. *Davis*, 111 N. C., 24. As this disposes of the counter-claim, it is unnecessary to consider the other exceptions relating thereto. We are of the opinion that there was no error, and the judgment must therefore be  Affirmed.