## HAGLIN v. APPLE.

### Opinion delivered May 7, 1898.

1. FALSE IMPRISONMENT—PLEADING.—A count in a complaint which alleges that in a certain proceeding defendants falsely imprisoned the plaintiff, and deprived him of his liberty for about 53 hours, which imprisonment was unlawful, with force, without probable cause, and on a pretended charge of contempt before a justice of the peace, and alleges that plaintiff was damaged in a certain sum, sets out facts sufficient to constitute a cause of action for false imprisonment. (Page 278.)

2. MALICIOUS PROSECUTION—PLEADING.—A count in a complaint for malicious prosecution which fails to state explicitly that the prosecution complained of was without probable cause, and had terminated in plaintiff's favor, does not state a cause of action. (Page 278.)

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

Action by Haglin against Apple and others for malicious prosecution and false imprisonment. The complaint contained two counts, as follows:

(1) "The above named plaintiff, complaining of the defendants above named, says: That on the 8th day of January, 1895, the defendants wrongfully and maliciously, intending to injure, humiliate and degrade this plaintiff, as well as to oppress and extort money or property from him, caused and procured M. D. Vance, justice as aforesaid, to issue a summons in a civil cause then pending before him, wherein Ike Apple was plaintiff, and this plaintiff, Alva R. Haglin, the defendant, commanding this plaintiff to immediately come before said justice, and show cause why he should not be punished for contempt in refusing to permit the execution of an order of said court to take pos session of certain property in said case, as well as to be examined on oath concerning said property. That he immediately appeared before said court, and answered promptly, truthfully, and without evasion, all questions propounded to him concerning said property. That, notwithstanding his appearance and answers as aforesaid, said defendants did, on the 12th day of January, 1895, maliciously and with intent as aforesaid, counsel, advise and procure said justice to wrongfully adjudge plaintiff to be in contempt of court, because he did not deliver to said constable certain property, which was wearing apparel, and most of which he then had in court upon his person, and wrongfully and maliciously, and with intent as aforesaid, counseled, advised and procured said justice to sentence him, the plaintiff, to pay a fine of ten ($10) dollars and costs, and to be confined in the Sebastian county jail, Fort Smith district, for the period of five (5) days. And said justice delivered him to the constable, who wrongfully held him in custody for the space of five hours, and then delivered him to the sheriff, who wrongfully received him in jail, and held him in custody for forty-eight hours. That in so doing the defendants acted maliciously and without probable cause. That on the 14th day of January, 1895, this plaintiff was

brought before Judge J. H. Holland upon a writ of *habeas corpus*, and the legality of his imprisonment was inquired into, and said judgment directing his imprisonment was held to be absolutely void, and he was released, and said imprisonment is at an end. That he was forced to and did employ attorneys to procure his release, and to expend his attorney's fees and other necessary expense, the sum of three hundred and four dollars and forty cents ($304.40.) That he was otherwise damaged in the sum of ten thousand ($10,000) dollars. The premises considered, he prays judgment for $10,304.40 damages and costs.

(2) "The plaintiff above named, further complaining of the said defendants for cause, says: That in the proceedings hereinbefore referred to, and on the 12th day of January, 1895, the defendants falsely imprisoned the plaintiff, and deprived him of his liberty for a great length of time, to-wit: for about fifty-three hours, which imprisonment was unlawful and with force, and without probable cause, and on a pretended charge of contempt of the court of M. D. Vance, J. P., as aforesaid, in failing to deliver certain goods to the constable aforesaid. That he was forced to expend $304.40 to secure his release, and was otherwise damaged in the sum of ten thousand ($10,000) dollars. The premises considered, he prays judgment for the sum of $10,304.40 for his costs herein, and for all proper relief."

A demurrer was sustained to the complaint, and plaintiff has appealed.

· *Thos. E. Ward*, for appellant.

If a pleading defectively states a good cause of action, or defectively pleads a good defense, the remedy is by motion to make more definite and certain, and not by demurrer. Sand. & H. Dig., § 5754; 31 Ark. 657; 32 Ark. 136; 33 Ark. 405.

*Hill & Brizzolara*, for appellees.

A complaint, seeking damages for malicious prosecution, must allege that said prosecution was malicious and without probable cause, and the words "falsely and maliciously" are not sufficient. 14 Am. & Eng. Enc. Law; 42, notes 3 and 4; *ib.* 43, notes 1 and 2; 106 Mass. 300; 38 Kas. 567, 571; 36 Conn. 56;

3 Metc. (Ky.) 192; 29 Cal. 644; 109 Mass. 158; 44 Vt. 124;
28 Ill. 308; 12 Kas. 109; 36 N. Y. 11; 42 Ill. 143; 4 Wait's
Act. & Def. 347, 349; 66 Mo. App. 231; 48 Pac. 663; 85 Mo.
237, 242; 10 N. Y. 236; 11 Kas. 554, 562; 23 Ill. 526; 10
Johns. (N. Y.) 106; 2 Denio, 617, and note; 6 Barb. 83; 7
Tex. 603; 16 So. 871; 14 Am. Dec. 597, and note; 15
Gratt. 381; 2 W. Va. 242; 4 Wait's Act. & Def. 342, 347;
Addison on Torts (Wood's Ed.), §§ 852, 855; 47 Pac.
861; 1 Hilliard Torts, pp. 480, 481, note; 2 Greenl. Evid.
§ 454; 81 Am. Dec. 479, note; 43 N. Y. Supp. 907; 46
Cent. Law Jour. 238, and notes; Newell, Mal. Pros. 397;
8 Wait's Act. & Def. 871–873; 40 S. W. 63; 17 So. 193;
71 N. W. 558; 32 Ark. 763; 7 C. C. A. 351; S. C. 58 Fed.
534; 33 Ark. 316; 63 Ark. 387.   Malicious motive is not ma-
terial, unless there be also want of probable cause.   32 Ark.
763; 1 Am. & Eng. Enc. Law, 179, § 2, note 3; 5 Col. 1.
The complaint must connect the defendant with the act com-
plained of.   17 Ala. 832.   As to jurisdiction of justices of the
peace to fine and imprison for contempt of court, see:   Sand.
& H. Dig., §§ 691–2; Rapalje on Contempt, § 155; Church
on Habeas Corpus, § 356; 9 Am. & Eng. Enc. Law, 215; 42
N. Y. Supp. 955.   The judgment of the justice punishing
plaintiff for contempt was not appealable, and the writ of
*habeas corpus* could not be converted into a writ of error.   14
Ark. 538; *ib.* 544; 22 Ark. 149; 9 Ark. 259; 48 Ark. 283; 51
Ark. 215; 55 Ark. 275; 60 Ark. 93.   The imprisonment was
under legal process; hence no action lay for false imprison-
ment.   7 Am. & Eng. Enc. Law, 663, note 5.   A complaint
for false imprisonment should aver that the imprisonment
was caused or procured by defendant.   8 Enc. Pl. & Pr. 848,
note 1.   To charge the justice, and those acting with him, for
false imprisonment, it must appear that said justice assumed
an unwarranted jurisdiction.   5 Ark. 67.   Appellee is not
liable for the acts of the justice and the officers who committed
and confined appellant, under the allegations of the complaint.
7 Gray, 53; 38 Minn. 308; 19 Vt. 551; 10 Am. St. Rep. 326;
7 Cow. 247; 7 Am. & Eng. Enc. Law, 680, note 2, and 681,
note 1; 56 N. W. 970.   A rule for contempt is the judicial

act of the court issuing it, and therefore cannot be made the foundation for an action for false imprisonment.    23 S. E. 673.

BATTLE, J.    The facts set out in the second count of the complaint are sufficient to constitute a cause of action.    *Akin* v. *Newell*, 32 Ark. 605.    The facts stated in the remainder of the complaint, in connection with the second count, do not show that plaintiff had no cause of action.

The first count is defective in not explicitly showing that the prosecution complained of was without probable cause, and had terminated in favor of the plaintiff.    But this may be amended if the plaintiff may deem it advisable to do so.

The judgment of the circuit court is reversed, and the cause is remanded, with directions to the court to overrule the demurrer.