## JOHN SCHRIEBER, SR., v. JOSEPH P. CLAPP, CAPPIE CLAPP AND GEORGE POPE.

(Filed September 10, 1903.)

1. **MALICIOUS PROSECUTION—Averments of Petition.** A petition states a cause of action for malicious prosecution which contains the averments that a prosecution was commenced against the plaintiff, that is was instituted or instigated by the defendants, that it was malicious, that is was without probable cause, and that it has been legally and finally terminated in plaintiff's favor, and it is error to exclude all evidence in support of the allegations of such petition.

2. **JUDGE OF DISTRICT COURT—Authority—Erroneous Judgment, a Bar.** While the judge of the district court in the trial of a criminal cause is not authorized after the evidence of the prosecution is in, to summarily discharge the jury, dismiss the case and discharge the defendants, yet if he does enter such erroneous order and judgment, such judgment will bar another prosecution against the defendant for the same offense.

3. **DEFENDANT—Acquitted, When.** One charged with a crime cannot be put in jeopardy twice for the same offense, and when a person has been put upon his trial before a court having competent jurisdiction upon an indictment sufficient to sustain a conviction, and the jury has been empanelled and sworn to try the cause,

a discharge of the jury without good cause and before verdict, will discharge the defendant and entitle him to an acquittal.

4. **JEOPARDY—Defined.** Jeopardy attaches from the time the jury is empanelled and sworn to try the cause.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before John L. McAtee, Trial Judge.*

*Denton & Son* and *Buckner & Son,* for plaintiff in error.

*C. J. West* and *C. H. Parker,* for defendants in error.

Opinion of the court by

BURFORD, C. J.: This is an action for malicious prosecution. The plaintiff, John Schrieber, Sr., brought his action in the district court of Garfield county against the defendants, Joseph P. Clapp, Cappie Clapp and George Pope, to recover damages for alleged malicious prosecution. The defendants answered denying the averments in the petition, and the cause was called for trial, a jury was empanelled and sworn, and the plaintiff's attorney made his opening statement. At this stage of the proceedings, counsel for defendants interposed two objections, one that the petition does not state facts sufficient to constitute a cause of action, and the other that the facts stated by counsel for plaintiff in the opening statement were not sufficient to entitle the plaintiff to recover. The court sustained these objections, and plaintiff was permitted to make offers to prove certain material facts by the court records. Objections were made to the introduction of this evidence, and these objections were sustained by the court. Judgment was then rendered for the defendants, dismissing plaintiff's cause of action. The plaintiff appeals from said judgment.

The first question presented challenges the sufficiency of the petition. The material averments necessary to constitute a good petition for malicious prosecution are: (1) That a prosecution was commenced against the plaintiff; (2) that it was instituted or instigated by the defendants; (3) that it was malicious; (4) that it has been legally and finally terminated in plaintiff's favor, and (5) that it was without probable cause. (Newell on Malicious Prosecutions, p. 397; *Jones v. Finch,* 84 Va. 204.)

The petition in this case contains each of these averments, and is sufficient to support the action. It was error to sustain the objection to the sufficiency of the petition.

The next contention is that the facts as embraced in counsel's opening statement, as well as the record offered in evidence, fail to show that the criminal prosecution against plaintiff has been finally terminated. The plaintiff was indicted in the district court of Garfield county for the crime of grand larceny; was arrested and confined in the county jail. Afterwards he entered a plea of not guilty, and a jury was empanelled and sworn to try the cause. After the prosecution had examined quite a number of witnesses and rested its case, the court discharged the jury, discharged the defendant and dismissed the cause. The record offered in evidence clearly and fully shows this state of facts. The contention of counsel for defendants is that the district court had no authority to take the case from the jury and direct the discharge of the defendant, and that the judgment is a nullity, and the trial judge seems to have adopted this theory in the trial of the case at bar.

While it is true that our criminal code provides, sec. 5221, stat. 1893, that "If, at any time after the evidence on

either side is closed, the court deem it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict," yet we think a failure to strictly follow the directions of this statute will not render a judgment void. The district court had jurisdiction of the subject-matter of the charge and of the defendant, and any judgment rendered could at best be erroneous, and not void, and when the plaintiff in the civil suit had shown a judgment of the court discharging him, the burden shifted to the defense to show any reasons why the judgment was not in force.

However, we do not deem this question material to a determination of the case under consideration. Whether the district court properly or improperly discharged the defendant in the criminal cause, we think that the authorities settle the question that the discharge of the jury in that case before verdict, and without any sufficient cause, was an acquittal of the prisoner. The general rule is that the prisoner has been put in jeopardy when he has been put upon trial before a court of competent jurisdiction, upon an indictment or information sufficient to sustain a conviction, and the jury has been empanelled and sworn to try the case, and the jury is discharged without sufficient cause, and without the defendant's consent; and such discharge of the jury, although improper, results in an acquittal of the defendant. (Cooley Const. Lim., 6 Ed., p. 399; Clark's Crim. Laws, s. 174; 1 Bishop New Crim. Law, s. 821; Abbot's Civil Trial Brief, s. 97; *People v. Horn* [Cal]. 11 Pac 470; *Lee v. State* 26 Ark. 260; *Teat v. State,* 53 Miss. 453; *Whitmore v. State,* 43 Ark. 271; *Williams v. Commonwealth,* 78 Ky. 93; *Jones v. State,*

55 Ga. 625; *Mount v. State,* 14 Ohio 295; *Helm v. State* [Miss.], 6 So. Rep. 322; *State v. McKee* [S. Car.], 21 Am. Dec. 499; *State v. Wilson,* 50 Ind. 487; *People v. Cage,* 48 Cal. 323; *O'Brian v. Commonwealth,* 9 Bush. 333; *Hilands v. Commonwealth,* 111 Pa. St. 1; *Pizano v. State* [Tex.], 54 Am. Rep. 511; *People v. Barrett,* 2 Am. Dec. 239; *Wright v. State,* 7 Ind. 324; *McCorcle v. State* 14 Ind. 39.)

The record in the criminal case which was offered in evidence and excluded, shows that the jury was empanelled and sworn, and after the prosecution had introduced all its evidence, the defendant moved for his discharge, evidently upon the ground that the evidence was not sufficient to require him to make any defense. The court discharged the jury and dismissed the action, and discharged the defendant.

Under all the authorities, this constitutes a final disposition of this case. No further proceedings can be had on this indictment. It was dismissed by a court having power and authority to dismiss it, and whether right or wrong, the result is the same, and the effect is to acquit the defendant, though no verdict was returned or judgment to that effect rendered.

The state of California has in her criminal code a provision identical with our section 5221. In the case of *People v. Horn,* 11 Pac. 470, the supreme court of that state said, on appeal by the state from a judgment acquitting the defendant, directed by the court:

"The court was only authorized to 'advise' the jury to acquit, and the jury were not bound by the advice. (Penal Code 1118.) Here the bill of exceptions reads that the court instructed the jury, but the jury retired and deliberated before rendering the verdict 'not guilty.' They were permitted

to retire for deliberation, and found a verdict *non constat* that they did not act on the evidence. The request of the defendant that the court 'instruct' should have been denied, but the court was authorized to 'advise' an acquittal. It is no reason for setting aside the direction that the defendant consented to a verdict in his favor. We cannot inquire whether the verdict was sustained by the evidence. If through misdirection of the judge in matter of law   *   *   *   a verdict is improperly rendered, it can never afterwards on application of the prosecution in any form of proceedings, be set aside."

While the facts are somewhat different in the California case, the principle involved is the same. If the trial court misdirected the jury, the territory is bound by it, and the cause is finally terminated.

The district court erred in excluding plaintiff's testimony. The motion for a new trial should have been sustained. The judgment is reversed and cause remanded, with directions to grant a new trial.

Gillette, J., absent; all the other Justices concurring.