SAWYER v. SHICK *et al.*

No. 1207.   Opinion Filed November 18, 1911.

(120 Pac. 581.)

1.    **MALICIOUS PROSECUTION** — Civil Proceedings — Grounds.   A
      suit for damages for the malicious prosecution of a civil proceed-
      ing is governed in a large measure by the same general principles
      applicable to such suits when based on criminal proceedings; and
      the essential elements involved are the same in each.

2.    **SAME**—Essential Elements.   In a suit for malicious prosecution,
      the essential elements are (1) the commencement or continuance
      of an original criminal or civil proceeding; (2) that defendant
      caused it to be instituted or continued against plaintiff; (3) its
      bona fide termination in favor of plaintiff; (4) the absence of prob-
      able cause for such proceeding; (5) the presence of malice; (6)
      damages to plaintiff.

(Syllabus by Brewer, C.)

*Error from District Court, Garfield County; M. C. Garber, Judge.*

Action by Hattress H. Shick and Margaret Shick against
Hamlin W. Sawyer.   Judgment for plaintiffs, and defendant
brings error.   Reversed, and remanded, with directions.

*O. D. Hubbell,* for plaintiff in error.

Opinion by BREWER, C.   This action is in the nature of
a suit for the malicious prosecution of civil proceedings.

The petition states substantially:   That on November 1,
1907, the defendant maliciously, wantonly, and oppressively filed
in the office of the clerk of the district court of Garfield county
a false, fraudulent and fictitious mechanic's and materialman's
lien against certain real property of plaintiffs.   The lien state-
ment is attached as part of the petition.   That the defendant
well knowing that he did not have any claim against plaintiffs
that was or could become such lien, filed it for the sole and only
purpose of casting a cloud on the title of plaintiffs' real property,
preventing them from making a sale thereof.   Plaintiffs allege,
further, special damages, in that they were prevented from mak-

ing an advantageous trade of the property for other real estate whereby they would have, but for the filing of the lien, made a profit of $500. Plaintiffs pray for actual damages of $500 and punitive damages in the same. sum. The defendant filed general denial for answer. Upon the trial, defendant objected to the introduction of any evidence on the ground that the petition did not state a cause of action. This objection being overruled, the plaintiffs introduced their testimony, at the conclusion of which the defendant demurred to the evidence on the ground that "the same does not prove a cause of action against defendant and in favor of plaintiffs." This motion was overruled and exceptions saved. The jury found for plaintiffs. Motion for new trial was overruled, and defendant brings error. The objection to the introduction of evidence under the petition, and the demurrer to plaintiffs' evidence, present all the questions necessary to be considered in this case. The prevailing party below has not filed a brief in this court.

A suit for damages for the malicious prosecution of civil proceedings is governed in large measure by the same general principles applying to such suits based on criminal proceedings, and the essential elements involved are the same in both. 26 Cyc. 1; 19 A. & E. Ency. L. (2d Ed.) 650; *Davis v. Terry,* 114 N. C. 27, 18 S. E. 947; *Thompson v. Gatlin* (Ind. Ter.) 58 Fed. 534, 7 C. C. A. 351; *Marable v. Mayer Son & Co.,* 78 Ga. 710, 3. S. E. 429.

These necessary elements are: (1) The commencement or continuance of an original criminal or civil proceeding. (2) That defendant caused it to be instituted or continued against the present plaintiff. (3) Its *bona fide* termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice. (6) Damages to present plaintiff. *Thompson v. Gatlin, supra; Schrieber x. Clapp et al.,* 13 Okla. 215, 74 Pac. 316; *Haglin v. Apple,* 65 Ark. 274, 45 S. W. 989; *Chicago, R. I. & P. Ry. Co. v. Holliday, infra,* 120 Pac. 927; 26 Cyc. 8; 19 A. & E. Ency. L. (2d. Ed.) 653; *Marable v. Mayer Son & Co., supra; Davis v. Terry, supra;* Town-

send on Slander & Libel (4th Ed.) 703; *Lindsey v. Couch,* 22 Okla. 4, 98 Pac. 973; *Smith v. Smith,* 26 Hun (N. Y.) 573.

The petition in this case does not allege want of probable cause in filing the lien statement. Malice may be inferred from a total want of probable cause, but, *e converso,* a total want of probable cause cannot be inferred from malice. *Marable v. Mayer Son & Co.,* 78 Ga. 713, 3 S. E. 429; Townsend on Slander & Libel (4th Ed.) 714. A mechanic's lien is in the nature of, and has been likened to, a notice of *lis pendens* and to an attachment. 5 Words & Phrases, 4463; 2 Jones on Liens, sec. 184. It is not a suit in itself, but is in aid of a suit at law, to be filed within a limited period; to enforce the lien asserted to the lien statement, and to determine the sum of which the lien should be impressed on the property. If, in a suit to enforce the lien, and to determine the amount due, for which the lien may be impressed upon the property, it should be determined that the lien was valid, this determination would be at least strongly presumptive, and probably conclusive, that there was probable cause to file it. In this case it was not alleged that the claim of lien had been disposed of or finally determined in plaintiff's favor. In the trial the plaintiff did introduce in evidence the petition, praecipe for summons, and the summons and return of the sheriff, showing that a suit at law had been instituted to ascertain the amount of, and to declare and enforce the lien claimed in the lien statement. An examination of the summons shows that the answer day in the suit against the plaintiff below was the very day this suit was tried against the defendant below, which shows clearly, from the proof, that a suit to determine the lien was pending and undetermined when the present case was tried. This case aptly illustrates the necessity of the rule that the proceedings complained of as malicious must be shown to have been finally determined in plaintiff's favor before a suit for malicious prosecution will lie. Suppose in due course the suit to enforce the lien complained of in this case was tried and the lien claim as filed fully sustained and judgment thereon; then we would be in the very awkward position of compelling the de-

fendant below to pay actual and punitive damages for doing a thing it was later determined he had a ·perfect legal right to do. So far as the record shows, this might be the actual result in the case at bar. In view of the errors mentioned, this case should be reversed and remanded, with directions to permit plaintiffs below to amend their petition if they desire so to do.

By the Court: It is so ordered.

All the Justices concur.