FLAMM v. WINELAND *et al.*

No. 3550.   Opinion Filed March 24, 1914.

(139 Pac. 981.)

1.   **MALICIOUS PROSECUTION**—Cause of Action—Essentials. The elements entering into and necessary to be shown in a suit for damages for malicious prosecution are: (1) That a prosecution was commenced against plaintiff; (2) that it was instituted or instigated by defendant; (3) that it was malicious; (4) that it has been legally and finally terminated in plaintiff's favor; (5) that it was without probable cause.

2.   **MALICIOUS PROSECUTION**—Sufficiency of Evidence. The evidence in the trial court fails to make a case (1) on the question of the final determination of the criminal prosecution in plaintiff's favor; (2) in failing to show that defendants instituted or instigated the criminal prosecution against plaintiff in the manner alleged.

3.   **TRIAL**—Direction of Verdict—Evidence. The court did not err in directing a verdict in favor of defendants.

(Syllabus by Brewer, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by L. F. Flamm against H. L. Wineland and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Earl Bohannon, S. V. O'Hare,* and *Robertson & Kean,* for plaintiff in error.

*W. C. Franklin* and *P. J. Carey,* for defendants in error.

Opinion by BREWER, C.   L. F. Flamm filed suit in the superior court of Muskogee county against H. L. Wineland and

A. R. Skidmore as defendants on the grounds of an alleged malicious prosecution. The basis of the suit is contained in the following allegation found in the petition:

"That on or about the 6th day of January, 1910, in the county of Muskogee, state of Oklahoma, the above-named defendants maliciously, unlawfully, .and without any probable cause, did cause the plaintiff to be indicted by a grand jury of Muskogee county on a charge to cheat and defraud the county of Muskogee; that said indictment was caused by the fact that these defendants, acting in concert, and for the purpose of causing this plaintiff to be indicted by the said grand jury, did maliciously and fraudulently induce certain witnesses to appear and testify before the said grand jury, and did falsely and fraudulently induce the said witnesses to testify to such statements as would cause the grand jury to indict this plaintiff; * * * and that they induced the said witnesses to refrain from telling the grand jury all the facts in connection with the transaction concerning which this plaintiff was indicted, but induced them to testify only to such statements as would cause the grand jury to indict this plaintiff."

After the plaintiff had introduced his evidence and rested, the court sustained a demurrer thereto, as being insufficient to make out a case, and entered a judgment in favor of the defendants that they go hence, with their costs.

A consideration of the action of the court in sustaining defendants' demurrer to the evidence is all that is necessary, in our judgment, for the proper determination of this case, and, from a careful examination of all the evidence as abstracted in the various briefs, we have no hesitation in saying that the court was right.

The elements entering into, and necessary to be shown, in a suit for damages growing out of an alleged malicious prosecution are: (1) That a prosecution was commenced against plaintiff; (2) that it was instituted or instigated by the defendant; (3) that it was malicious; (4) that it has been legally and finally terminated in plaintiff's favor; (5) that it was without probable cause. *C., R. I. & P. Ry. Co. v. Holliday,* 30 Okla. 680, 120 Pac. 927, 39 L. R. A. (N. S.) 205; *Schrieber v. Clapp,* 13 Okla. 215, 74 Pac. 316; *Sawyer v. Shick et al.,* 30 Okla. 354, 120 Pac. 581.

We think the evidence fails to make out a case (1) on the question of the final determination of the criminal prosecution in plaintiff's favor; (2) in failing to show that the defendants instituted or instigated the criminal prosecution against plaintiff in the manner alleged.

The evidence in this case shows that the plaintiff was indicted by a grand jury impaneled by the district court of Muskogee county; that he was arrested and gave bond in said court; that an order of removal was obtained therein to the superior court of Muskogee county; the order and papers in the case show that it was styled the case of the State of Oklahoma against L. F. Flamm and A. J. Austin, alias A. J. Alston, No. 437. The evidence offered to show that the suit had been finally terminated was a journal entry of the superior court in a case styled State of Oklahoma v. L. F. Flamm et al., No. 508, Criminal, which merely recited that on a certain date the cause was dismissed at the cost of the state, and the defendant discharged. There is no other proof on this question. There is nothing in or indorsed on the papers offered in evidence, nor in the oral proof, which shows any connection between the case alleged to have been maliciously prosecuted and the one shown to have been dismissed in the superior court, except that L. F. Flamm is a defendant in both cases.

Of course it may be true, and probably is true as a matter of fact, that after the original criminal action was transferred to the superior court it was given a new number, and we would be inclined to overlook this matter were it not for the fact that when this journal entry was offered in evidence, after an objection to it by the defendants on general grounds, the specific objection was pointed out that the journal entry proposed as evidence showed no connection with the cause upon which this suit was founded.

But, aside from this, to our minds the evidence fails to support the allegations of the petition, which we have set out above, and which were necessary to be supported to show liability. The specific wrongdoing charged against the defendants is that they "did maliciously and fraudulently induce certain witnesses to appear and testify before the said grand jury, and did falsely

and fraudulently induce the said witnesses to testify to such state-
ment as would cause the grand jury to indict this plaintiff. * * *
and that they induced the said witness to refrain from telling the
grand jury all the facts in connection with the transaction," etc.

If they did this, it was actionable; however, there is no proof
to support these allegations. It is not shown that the defendants,
or either of them, were before the grand jury, nor that they pro-
cured any witness to testify falsely before the grand jury, nor
that any witness did so testify falsely before the grand jury, nor
was there any proof, or any attempt to show, that any witness
testifying before the grand jury withheld any facts from it, or
that either of the defendants tried to get any witness to with-
hold any facts from the grand jury.

About all the proof that is made in this case, and which
might affect defendants, is that they did not like the plaintiff, and
had upon different occasions used expressions that manifested
this ill feeling towards him; that these defendants, assisted by
other citizens of the community, circulated and signed the petition
necessary to warrant the district judge in calling a special grand
jury to be impaneled to investigate, among other things, the con-
duct of certain county officials, and that as a result of such grand
jury investigation certain county officials were suspended or re-
moved from office, and the present plaintiff failed to be reap-
pointed as county physician, and was also indicted for obtaining
money from the county under false and fraudulent pretenses.
The record does not show, and we cannot take judicial notice of
newspaper accounts, as to just how much trouble this grand jury
caused in that county; but it certainly did not confine its opera-
tions and could not have been petitioned by the citizens for the
purpose of venting anybody's ill will against this particular de-
fendant. If a citizen subjects himself to a suit for damages at
the hands of every one he may dislike in a county, when he signs
a petition for a special grand jury, or even takes steps towards
circulating such petition, we apprehend that it will be difficult
in the future to have such grand jury convene, regardless of how
necessary it may be under the local conditions prevailing.

Other phases of the case need no discussion in view of the above holding.

The cause should be affirmed.

By the Court: It is so ordered.