## PATTERSON *et al.* v. MORGAN.

No. 4204.    Opinion Filed February 8, 1916.

(155 Pac. 694.)

1. **DAMAGES—Petition—Separate Paragraphs—Amount of Damages.**
Where a petition contains several separate causes of action, each separately numbered and stated, and each of which separate paragraphs alleges that by reason of the facts charged plaintiff was damaged in a blank sum, and where a concluding additional paragraph in effect charged that on account of the acts done and committed plaintiff had been damaged in a sum stated, **held,** that it was not error to overrule a general demurrer to such petition, it not being necessary to insert the claim for damages at the conclusion of each paragraph of the petition, when, following the separate paragraphs, it is charged that by reason thereof plaintiff sustained damages in a sum stated.

2. **MALICIOUS PROSECUTION—Burden of Proof—Termination of Prosecution.** In a civil action for damages predicated upon the malicious criminal prosecution of plaintiff by defendant, it is incumbent upon the plaintiff to prove that the criminal prosecution had been finally terminated in his favor.

3. **TRIAL—Admissions in Opening Statement—Conclusiveness.** An oral admission of a material fact, made by an attorney in his opening statement to the jury, if distinct and formal, and made for the purpose of dispensing with the formal proof of some fact at the trial, is a solemn admission and conclusive upon the party making such admission. Where, however, the so-called admission is not distinct and formal, but equivocal and of doubtful meaning, and where there immediately follows the making of the so-called admission, the further statement that opposing counsel will be expected to prove their case as they stated it, such statement or admission will not supply proof of a fact material to the plaintiff's right of recovery.

4. **SAME—Instructions.** Where the statement of counsel is not such as to constitute it a solemn admission of some controverted question of fact, it is error for the court, over the objection of the opposing party, to so instruct the jury; the province of the jury being to determine all questions of fact.

(Syllabus by the Court.)

*Error from District Court Okfuskee County;*
*John Caruthers, Judge.*

Action by A. J. Morgan against J. H. Patterson and
another. Judgment for plaintiff, and defendants bring
error. Reversed and remanded.

*C. T. Huddleston*, for plaintiffs in error.

*J. B. Patterson*, for defendant in error.

SHARP, J.   April 23, 1910, A. J. Morgan, plaintiff
below, instituted in the district court of Okfuskee county
an action to recover damages for malicious prosecution
against the defendants below, J. H. Patterson and C. M.
Seran.   Plaintiff's petition contained six separate counts
or paragraphs, each of which charged a different arrest
of the plaintiff and his son.   At the trial, the court sus-
tained a demurrer to the evidence as to paragraphs 4,
5, and 6 of plaintiff's petition.   As to paragraphs 1 and
2, the jury returned a verdict in favor of defendants;
while as to paragraph 3 a judgment in favor of plaintiff
for damages in the sum of $500 was returned, upon which
judgment was entered.

The point is made in the first assignment of error
that, as the separate paragraphs of the petition, including
the third paragraph thereof, allege that by reason and on
account of the act of the defendants therein set out plain-
tiff had been damaged in the sum of $...................., the
general demurrer of the defendants should have been sus-
tained, and the court's action in overruling the same
constituted reversible error.   Each of the six paragraphs
of the petition set forth in detail the facts upon which
plaintiff relied for a recovery, and charged that on account
thereof he sustained damages in a blank sum.   But at
the conclusion of the petition it was further charged that

all of the several criminal prosecutions therein mentioned were falsely and maliciously instituted by defendants without probable cause, for no other purpose than to damage annoy, and harass plaintiff, and injure him in his credit and business, and that on account thereof he had been damaged thereby, as therein mentioned and stated, in the sum of $10,000, for which judgment was asked. The court's action in overruling the demurrer was proper, for it was unnecessary on the part of plaintiff to assert the claim for specific damages at the end of each count or paragraph of his petition. It was sufficient to state the amount demanded at the conclusion thereof. Such is the holding of the courts generally. *Spears v. Ward,* 48 Ind. 541; *Baltimore & Ohio R. Co. v. Whitehill,* 104 Md. 295, 305, 64 Atl. 1033; *Hoffman v. Dickinson,* 31 W. Va. 142, 6 S. E. 153; 13 Cyc. 175.

It is urged that the court erred in overruling defendants' demurrer to plaintiff's evidence as to the third paragraph of plaintiff's petition, and in overruling defendants' motion for a new trial. These assignments are closely related, and may be considered together. It is said by plaintiffs in error that no testimony was introduced by plaintiff to show that he had been arrested as charged in his petition, or that, if arrested, there had been any final termination of the prosecutions in his favor. That one of the essential elements entering into and necessary to be shown in a suit for damages arising out of an alleged malicious prosecution is that such prosecution has been legally terminated in plaintiff's favor, will not be denied. *Schrieber v. Clapp,* 13 Okla. 215, 74 Pac. 316; *Sawyer v. Shick,* 30 Okla. 353, 120 Pac. 581; *Chicago, R. I. & P. R. Co. v. Holliday,* 30 Okla. 680, 120 Pac. 927, 39 L. R. A. (N. S.) 205; *Flamm v. Wineland,*

41 Okla. 688, 139 Pac. 961; *Allison v. Bryan*, 50 Okla. 677, 151 Pac. 610. Until such original proceeding has been finally ended, there is no remedy, because there is no wrong. The accused may be convicted, thus putting an end to the inquiry of probable cause and malice.

It is upon certain alleged admissions made by counsel for defendants below in his opening statement to the jury, that the arrest and subsequent discharge of plaintiff are said to have been established at the trial, if we correctly understand the position of counsel for defendant in error. We have carefully read the statement, and fail to find an admission that the plaintiff was acquitted or discharged of the criminal charges brought against him, though the admission contained in said statement is probably sufficient to have dispensed with the necessity of proof of the arrest. It will be remembered that the plaintiff had been arrested on different charges at different times, and in the pertinent part of the opening statement of counsel the following appears:

"The testimony will further show that at the time he had him arrested he caught him with the goods; the testimony will show that the examination was held in the town of Paden and that one case was tried; they waived the other examinations, and that Andy Higgins and George Musgrove stood in with Mr. Morgan at that time, and the testimony was insufficient, but the testimony will show by a preponderance of the testimony in this case that every time Mr. Patterson had Mr. Morgan arrested, Mr. Morgan, or some one for him, hauled off and sold some of that cotton that Mr. Patterson had a mortgage on."

At the conclusion of the defendants' opening statement, counsel for plaintiff stated that, on account of the admission of defendants' attorney, the testimony would

be shortened very much; that the admission was made that they had caused the arrest; "they admitted the fact that after they had him arrested the suits had all been terminated and favorably to the plaintiff in this case." Immediately thereupon, counsel for defendants stated:

"I expect for them to prove their case just like they stated it, and I will prove mine just like I stated mine."

At the trial the court instructed the jury:

"Defendants admit, so far as the purpose of these instructions is concerned, to instituting the criminal proceedings mentioned in the three counts of plaintiff's petition above referred to, and admit that the plaintiff herein was acquitted upon the charge laid in count one, and admits that the charge set out in count two of plaintiff's complaint was by the district court dismissed for want of the evidence, and that also the same action of dismissal was taken in the district court upon the request of the prosecuting attorney, as regards the offense set out in count three'—and to which instruction defendants objected on the ground that no such admission was made.

Respecting admissions of attorneys of record, it is said in Greenleaf on Evidence (16th Ed.) vol. 1, sec. 186, that:

Such admissions are binding, "in all matters relating to the progress of the trial of the cause; but, to this end, they must be distinct and formal, or such as are termed solemn admissions, made for the express purpose of alleviating the stringency of some rule of practice, or of dispensing with the formal proof of some fact at the trial. In such cases, they are generally conclusive."

And in section 205:

"Judicial admissions, or those made in court by the party's attorney, generally appear either of record, as in the pleading, or in the solemn admission of the attorney,

made for the purpose of being used as a substitute for the regular legal evidence of the fact at the trial."

The foregoing text is quoted in Thompson on Trial, at section 201, in discussing the subject of the solemnity and formality required of the admissions of counsel. In Chamberlayne on Evidence, in a footnote to section 1276, it is said that the remarks of counsel in an opening address to the jury may constitute formal judicial admissions, if definite and categorical, and made with that intention, citing *Missouri & K. Telephone Co. v. Vandervort*, 67 Kan. 269, 72 Pac. 771; *Lindley v. Atchison, T. & S. F. R. Co.*, 47 Kan. 432, 28 Pac. 201; *Ferson v. Wilcox*, 19 Minn. 449 (Gil. 388); *Oscanyan v. Winchester R. Arms Co.*, 103 U. S. 261, 26 L. Ed. 539. In the first of the cases cited, it is said that an oral admission of a material fact, made by an attorney in his opening statement to the jury, may be proved on a subsequent trial of the same cause, if it appears to have been distinctly and formally made, and intended as a general admission of such fact. In *Oscanyan v. Winchester R. Arms Co.*, *supra*, emphasis was laid upon the character of the statement of counsel. It was said:

"Here there were no unguarded expressions used, nor any ambiguous statements made. The opening counsel was fully appraised of all of the facts out of which his client's claim originated, and seldom was a case opened with greater fullness of detail. He dwelt upon and re-iterated the statement of the fact which constituted the ground of the court's action in directing a verdict for the defendant."

No such admission of counsel is in the record at hand. On the other hand, counsel for defendants, after an advantage was sought to be taken of his statement,

promptly, in effect, disavowed an intention that his state-
ment should be taken as an admission obviating the neces-
sity of proof.   If, however, the statement of counsel, and
the circumstances attending it, left in doubt the effect
that should be given it, still it was error for the court to
instruct the jury that defendants at the trial admitted
that plaintiff was discharged, at the instance of the pros-
ecuting attorney, of the criminal charge named in para-
graph three.   In *Central Branch U. P. R. Co. v. Shoup,*
28 Kan. 394, 42 Am. Rep. 163, the question arose as to
whether the waiver or admission was intended for that
trial alone, or whether it was a general admission for all
purposes, and it was said that whether the consent or
admission or waiver was to be considered as made for
the purposes of that trial only, or as a general admission,
was a question of fact to be determined by the jury.   The
court, speaking through Mr. Justice Brewer, said:

"But perhaps more often, especially in reference to
oral admissions, it is uncertain whether they were in-
tended as general admissions, like admissions in a plead-
ing, by which the party intends to stand at all times, or
as a mere waiver of proof, for the purposes of facilitating
the pending trial.   Then the tribunal to determine what
was the import and intent of the admission is the jury
before which the case is then pending for hearing."

The point there decided is analogous to the present
case.   The statement or admission, even though con-
sidered as an unequivocal admission of what is claimed
for it (which it cannot be), is couched in such language
that it was not for the court to withdraw its considera-
tion from the jury by the instruction given.   Such action
was a clear invasion of the province of the jury, for them-
selves to determine the facts.   The instruction in so
many words told the jury that the prosecuting attorney

had caused the criminal charge against the plaintiff to be dismissed. The exact question before us is new in this jurisprudence, but in *First State Bank of Keota v. Bridges,* 39 Okla. 355, 135 Pac. 378, concerning the rule when a motion for a peremptory instruction of a verdict upon the opening statement of defendant should be denied, it was said:

"A motion for a peremptory instruction of a verdict upon the opening statement of defendant should, of course, be denied unless such statement contains a distinct and unequivocal admission of fact absolutely entitling plaintiff to judgment"—citing cases.

And in *Oklahoma-Moline Plow Co. v. Smith,* 41 Okla. 498, 139 Pac. 285, consideration was given to an admission in an adversary's pleading, and it was held that such admission, to be available, must be taken with all the qualifying clauses and limitations which the pleader has included in it; that it must be taken as a whole; and, where facts are alleged in connection with the admission which nullify it, its effect as an admission is destroyed. See, also, *Sullivan v. Williamson,* 21 Okla. 844, 98 Pac. 1001; *Mascho v. Johnson,* 49 Okla. 616, 153 Pac. 630.

In view of our conclusions, it will not be necessary to consider the other assignments of error.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded.

All the Justices concur.