# FIRST STATE BANK v. DENTON.

No. 11182—Opinion Filed June 7, 1921.

(Syllabus.)

1. **Malicious Prosecution — Action for Damages — Defenses — Dismissal of Prosecution by Agreement.**

The general rule is, where the dismissal of a criminal prosecution has been obtained by procurement of the party prosecuted, or by compromise or agreement of the parties, then an action for malicious prosecution cannot be maintained.

2. **Same—Duty to Instruct on Defense.**

In an action for damages for an alleged malicious prosecution, where defendant pleads as a defense that the dismissal of the criminal prosecution was obtained by the procurement of the defendant by a compromise and agreement, and there is evidence to support said plea, it is the duty of the court to instruct the jury that if they find from the evidence that said criminal prosecution had been dismissed by procurement of the defendant by way of compromise or agreement of the parties, the action for malicious prosecution cannot be maintained.

3. **Same — Probable Cause — Question for Court — Instruction.**

In an action for malicious prosecution the question of what amounts to probable cause is one of law for the court. It is therefore the duty of the court, when evidence has been introduced to prove or disprove probable cause, to submit to the jury its credibility with the instruction that it amounted to probable cause, or it did not, as the case may be.

4. **Same — Defenses — Full Disclosure to Prosecuting Attorney — Question for Court.**

In an action for malicious prosecution, where defendant pleads as a defense that it had made a full, fair, and complete statement of all the material facts within its knowledge to the county attorney and acted in good faith upon the advice of the county attorney in the institution of the criminal proceedings, and it is contended that certain facts were not disclosed by the defendant, the question of what are material facts is one of law for the court.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Alferetta Denton against the First State Bank of Oklahoma City, for damages for malicious prosecution. Judgment for plaintiff and defendant brings error. Reversed and remanded.

Stuart & Cruce and Ledbetter, Stuart & Bell, for plaintiff in error.

Claude Nowlin and McLaury, Hopps & Maupin, for defendant in error.

McNEILL, J. This action was commenced in the district court of Oklahoma county by Alferetta Denton against the First State Bank of Oklahoma City to recover damages for an alleged malicious prosecution. The amended petition alleged that on or about the 29th day of August, 1918, the defendant maliciously, falsely, and without probable

cause made and caused to be filed before the justice of the peace in Oklahoma City an affidavit and complaint duly sworn to by the defendant charging the plaintiff with having committed a certain crime, to wit, obtaining money under false pretenses; that thereupon a warrant was issued and the plaintiff was arrested, and thereafter the case was dismissed by the defendant, that the arrest and prosecution was wholly unfounded, malicious, and without just and probable cause; and prayed for damages in the sum of $25,000.

To the amended petition the defendant answered; first, by general denial. For a second defense, defendant alleged that prior to the time of filing the complaint and the issuing of the warrant the defendant in good faith and without malice made a full, fair, and complete disclosure of all the facts to Charles Selby, the county attorney of Oklahoma county, and acted upon the advice of the county attorney, and believing there was probable cause that the defendant was guilty. As a further defense, it was alleged that the prosecution was not dismissed by the justice of the peace after hearing the evidence, but was dismissed upon agreement of plaintiff to settle said controversy and pay the money to the defendant which she had received, and upon which the complaint was filed, and there was never any adjudication by the magistrate upon the evidence that plaintiff was not guilty of the crime charged, nor any adjudication that there was not probable grounds for holding her for trial. To this answer the plaintiff filed a general denial.

The case was submitted to the jury, and a verdict returned in favor of plaintiff in the sum of $8,000. Motion for new trial was filed, and overruled, and judgment rendered on the verdict, and an appeal regularly prosecuted to this court.

For reversal of the case, the plaintiff in error assigns numerous assignments of error, among which is the giving of instructions Nos. 7, 10, and 11.

We will first consider the giving of instruction No. 7. It will be unnecessary to review all of the facts in the case further than to say that the warrant was issued the last of August, and on the 18th day of September plaintiff was arrested at Kansas City, and returned to Oklahoma City, and taken before the justice of the peace upon the 20th day of September, and she entered a plea of not guilty. The case was continued from time to time, and later dismissed by the court on recommendation of the county at-

torney. No evidence was taken nor was the case tried upon its merits. The county attorney testified that after the defendant was arrested she informed him she desired to make no statement, but would leave that to her attorney. Thereafter her attorney approached him and started to discuss a settlement and the merits of the case. The court refused to permit the county attorney to detail the conversation between her attorney and the county attorney relating to the dismissal of the case. We think this was error, but the county attorney did testify that he told her attorney that he did not care to talk about the facts of the case, because he believed the plaintiff was guilty, but if she would make a settlement and pay the full amount of the overdraft he would give her the benefit of the doubt and dismiss the case, and that this was agreed to between himself and plaintiff's attorney. He further testified the case was continued until the plaintiff could obtain the money to make the settlement, and in a couple weeks, or about the middle of October, the justice of the peace telephoned to him and advised him that Mrs. Denton was there and had given him a check or draft for the amount of money due the bank, and the county attorney instructed the justice of the peace over the phone that he had agreed with her attorney that if a settlement was made the case should be dismissed, and the case was dismissed.

While the plaintiff denied that she knew the case was being dismissed, or settled by agreement, or that she was paying the money to obtain a dismissal, we will not determine whether her evidence was sufficient to submit this question to the jury, but will content ourselves with determining whether the court properly submitted the defense of procuring the dismissal to the jury. In submitting this defense to the jury, the court gave instruction No. 7, which is as follows:

"In order to sustain an action for malicious prosecution it is a sufficient termination of a criminal proceeding out of which it arose, if there should be a dismissal of such prosecution before trial; and a judgment on the merits is not essential. However, if such dismissal should be procured by the voluntary action of the defendant therein, and upon the consideration that for such dismissal she would pay the amount the defendant claimed was going to it by the plaintiff herein, then such dismissal would not constitute such a termination of the proceedings as would show want of probable cause in the institution of such criminal action; but in such case such agreement or procurement must have been either by the plaintiff herein personally or must have been

authorized by her, or if made by her attorney she must have consented thereto or acquiesced therein."

To the giving of this instruction, the defendant duly excepted, and has assigned the giving of the same as reversible error. The court in this instruction advised the jury if they believed the plaintiff procured a dismissal of the criminal prosecution by paying the money to the bank it claimed was due it, then the fact of the dismissal of the case would not be sufficient evidence to show want of probable cause in the institution of the criminal action. It would also leave the jury to infer that, although the plaintiff had procured a dismissal of the case by the settlement, still the plaintiff could maintain her action for malicious prosecution if the jury believed from the evidence that no probable cause existed for instituting the criminal proceedings. In this we think the court committed reversible error.

The law is well settled that where a criminal prosecution has been dismissed by the procurement of the party prosecuted by agreement or by compromise, said party cannot thereafter maintain an action for malicious prosecution. We will quote from a few of the leading cases supporting this general principle of law.

In the case of Langford v. Boston & A. R. Co., 144 Mass. 431, 11 N. E. 697, it was said:

"But our cases uniformly hold that, where a noble prosequi is entered by the procurement of the party prosecuted, or by his consent, or by way of compromise, such party cannot have an action for malicious prosecution."

The first syllabus of the case announced the following rule:

"An action for malicious prosecution will not lie where the prosecution has been determined only by a nolle prosequi entered by the district attorney by the procurement of the plaintiff's attorney."

In the case of Craig v. Ginn (Del.) 48 Atl. 192, it was said:

"But the rule seems to be well settled that, where the termination of the prosecution has been brought about by the procurement of the party prosecuted, or by compromise and agreement of the parties, then an action for malicious prosecution cannot be maintained"—Citing a long line of decisions to support the above rule announced.

The same rule is announced in the case of Campbell v. Bank & Trust Co. (Idaho) 166 Pac. 258, where the court stated as follows:

"'Where the termination of a prosecution has been brought about by the procurement

of the defendant, or by a compromise or agreement of the parties, an action for malicious prosecution cannot be maintained.' Wickstrom v. Swanson, 107 Minn. 482, 120 N. W. 1090; 26 Cyc. 58; Langford v. Boston & A. R. Co., 144 Mass. 431, 11 N. E. 697; Emery v. Ginnan, 24 Ill. App. 65; Singer Sewing Machine Co. v. Dyer, 156 Ky. 156, 160 S. W. 917; Waters v. Winn, 142 Ga. 138, 82 S. E. 537, L. R. A. 1915 A, 601, Ann. Cas. 1915D, 196.

The same rule is announced in 18 R. C. L. 25 and 26.

While this court has not passed directly on the question, the court, in the case of Sawyer v. Shick, 30 Okla. 353, 120 Pac. 581, stated as follows:

"In a suit for malicious prosecution the essential elements are * * * (3) its bona fide termination in favor of the plaintiff".

This court, in the case of Patterson v. Morgan, 53 Okla. 95, 155 Pac. 694, stated as follows:

"That one of the essential elements entering into and necessary to be shown in a suit for damages arising out of an alleged malicious prosecution is that such prosecution has been legally terminated in plaintiff's favor, will not be denied. Schrieber v. Clapp, 13 Okla. 215, 74 Pac. 316; Sawyer v. Shick, 30 Okla. 353, 120 Pac. 581; Chicago, R. I. & P. R. Co. v. Holliday, 30 Okla. 680, 120 Pac. 927, 39 L. R. A. (N. S.) 205; Flamm v. Wineland, 41 Okla. 688, 139 Pac. 961; Allison v. Bryan, 50 Okla. 677, 151 Pac. 610."

It will be noticed in the case of Sawyer v. Shick, supra, the court announced the principle that there must be a bona fide termination of the suit in favor of plaintiff and in the case of Patterson v. Morgan, supra, it was stated there must be a legal termination in plaintiff's favor. A suit that has been dismissed by reason of a compromise or by a settlement cannot be said to be a bona fide termination, nor a legal termination, in favor of either party.

There is, however, an exception to the general rule, which is discussed in the case of White v. International Text-Book Co. (Iowa) 136 N. W. 211, 42 L. R. A. (N. S.) 346, and while the court attempted to instruct the jury regarding the exceptions in instruction No. 7, we think the same was not properly submitted to the jury, if we concede the plaintiff's evidence was sufficient to bring her case within the exceptions to the general rule.

The plaintiff in error argues that the giving of instructions Nos 10 and 11 constitutes reversible error. Instruction No. 10 recites what were the undisputed facts. Instruction No. 11 recited what were the

disputed facts, and then advised the jury it was for them to determine from all the evidence whether the plaintiff in error had probable cause to institute the criminal prosecution and to determine whether the defendant acted maliciously. The plaintiff in error complained for the reason the question of probable cause is one of law for the court and not for the jury. Such is the holding of this court in the case of Dunnington v. Loeser, 48 Okla. 636, 149 Pac. 1161, 150 Pac. 874, where the court stated as follows:

"In an action for malicious prosecution, the question of what amounts to probable cause is one of law for the court. It is therefore the duty of the court, when evidence has been given to prove or disprove probable cause, to submit to the jury its credibility, with the instruction that certain facts amount to probable cause, or they do not, as the case may be."

See, also, Hopkins v. Stites, 70 Oklahoma, 173 Pac. 449.

It was the duty of the court to advise the jury, as a matter of law, whether the undisputed evidence would amount to probable cause. It was likewise necessary, if the court held the undisputed evidence was insufficient to amount to probable cause as a matter of law, to then advise the jury what disputed facts they would have to find to exist before they could find there was want of probable cause. This court, in the case of Hopkins v. Stites, supra, said:

"The court having instructed the jury that that which constitutes probable cause is question of fact while what constitutes probable cause is a question of law, the giving of instruction No. 8, the other instruction of the court not curing said error, must work a reversal of this case."

This principle of law is applicable to the case at bar.

The second defense of plaintiff in error was that it had made a full and fair statement of all the material facts to the county attorney of Oklahoma county, and acted in good faith upon the advise of the county attorney. This court, in considering that as a defense, has announced the rule as follows:

"* * * Where the uncontroverted evidence shows that the prosecutor laid all the material facts within his knowledge before a competent attorney, and acted in good faith upon the advice given, he is exonerated from all liability." Allison v. Bryan, 50 Okla. 677, 151 Pac. 610, cases therein cited.

In the instant case the county attorney testified as to what facts were laid before

him. There was a dispute as to whether a certain state of facts existed and as to whether they were revealed to the county attorney. It was the duty of the court, as a matter of law, to instruct the jury what were material facts and what were not. This the court did not do.

There are numerous other assignments of error, but it is unnecessary for us to consider these. It is, however, insisted by defendant in error that the instructions were harmless under section 6005, Rev. Laws 1910, but in this we cannot agree, as this court in the case of Nero v. Nero, 80 Okla. 185, 195 Pac. 492, stated as follows:

"'If the court undertakes to instruct the jury as to the law, and does so incorrectly, this is prejudicial error.'"

See, also, Dunnington v. Loeser, supra, and cases therein cited.

For the reasons stated, the judgment of the court is reversed, and the cause remanded, with instructions to grant plaintiff in error a new trial.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.