Clark **ELLISON** and **M.P. Appleby, Jr.,** Appellants,

v.

**AN–SON CORPORATION, Bill J. Brown, Trigg Drilling Company, Inc. and King Ranch Oil & Gas, Inc.,** Appellees.

No. 65801.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 6, 1987.

Rehearing Denied Dec. 8, 1987.

Certiorari Denied March 8, 1988.

George S. Corbyn, Jr., Oklahoma City, for appellants.

Anton J. Rupert and Harry A. Woods, Oklahoma City, for appellees.

GARRETT, Judge:

An–Son Corporation, along with Bill J. Brown, Trigg Drilling Company, Inc. and King Ranch Oil & Gas, Inc., the Appellees, ("An–Son"), sued Clark Ellison and M.P. Appleby, Jr., Appellants herein, ("Ellison and Appleby"), in federal court to cancel an oil and gas lease acquired by Ellison and Appleby from certain Indian mineral owners and to have lease negotiations continue between them. The federal case was dismissed because of An–Son's failure to exhaust its administrative remedies. Ellison and Appleby then sued An–Son for mali-

cious prosecution and abuse of process in the District Court of Oklahoma County to recover damages allegedly caused by An–Son's federal litigation. The trial court granted An–Son's motion for summary judgment and dismissed Ellison and Appleby's claims for malicious prosecution and abuse of process. The trial court also granted Ellison and Appleby's motion for summary judgment dismissing An–Son's counterclaim for tortious interference with economic relations. The trial court denied Ellison and Appleby's motion for new trial, and they seek a reversal of the trial court's entry of summary judgment. An–Son has filed a cross-appeal seeking a reversal of the trial court's entry of summary judgment dismissing their claim for tortious interference.

 In an action for malicious prosecution, the plaintiff must prove the following five elements:

(1) The bringing of the original action by the defendant;

(2) its successful termination in plaintiff's favor;

(3) want of probable cause to join the plaintiff;

(4) malice, and

(5) damages.

*Young v. First State Bank, Watonga, Oklahoma,* 628 P.2d 707 (Okl.1981).

In the instant case, the trial court granted An–Son's motion for summary judgment for the sole reason that element (2) above was lacking, i.e., that the federal litigation was terminated on procedural grounds "and not in a manner which reflected upon the merits, and as such is not a termination sufficient to support an action for malicious prosecution,...." Appelby and Ellison contend in this appeal that Oklahoma law does not require a termination which reflects the merits in order to maintain an action for malicious prosecution. In *Young, supra,* the Supreme Court held that a co-defendant who had merely signed a mortgage as secretary of a corporation could maintain its action for malicious prosecution against a bank following its settlement with the maker of three notes which

led to the voluntary dismissal of the suit. In *Young,* the bank contended that where a dismissal in the original action is procured by the defendant or done pursuant to a compromise or an agreement of the parties, such termination cannot support an action for malicious prosecution. *Young,* 628 P.2d at 709, citing *First State Bank v. Denton,* 82 Okl. 137, 198 P. 874 (1921). However, the Supreme Court pointed out that *Young* neither procured, consented to, nor participated in the settlement upon which the original action was dismissed. The Court further held that the fact that one defendant admits owing money sued for in no way establishes that another defendant was or was not wrongfully sued. *Young* does not hold that a "successful termination in plaintiff's favor" must reflect on the merits, as An–Son contends. In fact, *Young* was permitted to pursue his malicious prosecution action notwithstanding the fact that the case had not been terminated on the merits *as to him.*

 Using *Young* as guidance, we find that the trial court committed error. We note that the dismissal of the original action was not done pursuant to a compromise or agreement of the parties, nor was it procured by the defendant. Although the use of the word "procure" is not defined, we find it analogous to the giving of consideration as part of forming a contract; i.e., something one did not have to do. It is something other than winning in court. We note that in *Young,* the underlying action was dismissed with prejudice. However, it cannot be said that *Young* stands for the proposition that the termination required for malicious prosecution actions must reflect on the merits. Further, An–Son has cited us no Oklahoma case authority for the proposition.

The trial court dismissed the action as to the malicious prosecution claim solely on the basis of the termination issue. The case is therefore reversed and remanded to the trial court for further consideration of the other elements of this cause of action and further consideration of the remaining issues raised in the motion for summary

judgment, and for such other proceedings as are proper.

Ellison and Appleby further contend that the trial court erred in sustaining An–Son's motion for summary judgment on their claim for abuse of process.

As a threshold issue, we note that An–Son's motion on this issue was styled "Motion to Dismiss or, in the Alternative, For Partial Summary Judgment on Plaintiffs' Abuse of Process Claim." The journal entry of judgment purports to grant both the Motion to Dismiss *and* the Motion for Partial Summary Judgment, although the transcript from the proceeding indicates the trial judge granted the motion to dismiss because "the pleadings are lacking." However, the journal entry also states that the trial court considered the entire record of the case, thus going beyond the pleadings. It is our determination therefore that the motion regarding the abuse of process claim was treated as a motion for summary judgment. We shall review the ruling based on that standard.

Ellison and Appleby's brief in response to An–Son's motion incorporates the brief it filed in response to An–Son's motion regarding the malicious prosecution issue. Filed with the former brief were numerous excerpts from depositions. Contained therein are purported statements made by an officer of An–Son that the purpose behind the federal lawsuit was to tie up the lease of Ellison and Appleby. Further, the officer said he didn't think An–Son had a chance of winning and that he had advised An–Son's owner, Carl Anderson, of that fact.

█ The elements of an action for abuse of process are:

(1) Issuance of process;

(2) An ulterior purpose, and

(3) A willful act in the use of process not proper in the regular conduct of the proceeding.

*Tulsa Radiology Associates, Inc. v. Hickman,* 683 P.2d 537 (Okl.App.1984), citing Prosser, *Handbook of the Law of Torts,* § 121 (4th Ed.1971). The complaint filed by An–Son in Federal Court sought a declaratory judgment that the approval of the Secretary of the Interior of the subject lease was in violation of federal law and therefore null and void; to enjoin the non-federal defendants from assigning or developing the lands subject to the lease; to enjoin the federal defendants and defendant Indian landowners from leasing the lands except after good faith negotiations with plaintiffs as the high bidders at the lease sale or at a readvertised public sale with competitive bidding. In other words, the complaint asked the federal court to grant mandamus directing the Secretary to withdraw approval of the lease and a mandatory injunction requiring defendant Indian Landowners to negotiate with An–Son for a new lease. Not only does the complaint state purposes other than "to tie up the lease", but federal law specifically allows the Secretary to approve a privately negotiated lease after public bidding has been conducted and the bids rejected. See 25 C.F.R. § 212.4 (formerly § 172.4.); 25 U.S.C. § 396.

Prosser, *Handbook of the Law of Torts, supra,* has explained the third element, i.e. a willful act in the use of process not proper in the regular conduct of the proceeding, to be as follows:

Some definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, ... The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself.... *Id.* at page 857.

█ We find, at the very least, that a fact issue as to the real purpose behind the federal litigation was presented in Ellison and Appleby's response to An–Son's motion for summary judgment. We are aware that An–Son has alleged in its brief, in response to the malicious prosecution issue, that it relied in good faith on the advice of counsel in bringing the federal action. However, this appears to us to be a fact issue, in light of the statement made by An–Son's officer. Summary judgment is not appropriate where, as here, issues of material fact are present. *Flanders v. Crane Company,* 693 P.2d 602 (Okl.1985);

District Court Rule 13, 12 O.S. 1981, Ch. 2, App. We therefore hold that the trial court erred when it granted the motion, and we reverse.

In a counter-appeal, An–Son alleges that summary judgment dismissing An–Son's counterclaim for wrongful interference with prospective business relations was granted in error. An–Son alleges that Ellison and Appleby began their "interference" prior to the public auction at which An–Son was the highest bidder. An–Son contends in its brief that Ellison and Appleby had closed a conditional deal on different terms with the Indian owners prior to the public auction. However, the record indicates that Ellison and Appleby had been contacted by a Vern Haddon prior to the public auction, stating that he thought he knew of a way the lease could be bought without going through the bidding process, scheduled for March 26, 1981. Appellant, Clark Ellison, told Mr. Haddon to find out "what type of dollars we're talking about." Mr. Haddon contacted Ellison and Appleby again, stating that the Indians would be willing to take $5,000 an acre, "but wanted to wait until the Indian Auction Sale on the 26th." In other words, Ellison and Appleby did not seek out the owners of the lease prior to the sale, and no lease terms were discussed by them with the Indian owners. In fact, the record indicates that there had not even been an offer made by Ellison and Appleby.

The elements of a cause of action for malicious interference with contract or business relations are:

1. That he or she had a business or a contractual right that was interfered with.
2. That the interference was malicious and wrongful, and that such interference was neither justified, privileged nor excusable.
3. That damage was proximately sustained as a result of the complained of interference.

*Mac Adjustment, Inc. v. Property Loss Research Bureau,* 595 P.2d 427 (Okl.1979). An–Son was the high bidder at the public auction; however, at that point, they did not have a lease which had been accepted by the Bureau of Indian Affairs ("BIA"). In other words, we find that An–Son did not at that point have a contract. As we have stated above, federal law allowed private negotiations to occur even after a public sale. We do not find that the inquiry prior to the sale was a malicious act on the part of Ellison and Appleby, or that it was sufficient to violate federal law which allows private negotiations to occur. "The right to recover for the unlawful interference with the performance of a contract presupposes the existence of a valid enforceable contract ... Even in cases where a breach of contract has been procured, there is no liability if the breach was caused by the exercise of an absolute right." See *Bailey v. Banister,* 200 F.2d 683, 685 (10th Cir.1952). We therefore hold that the trial court was correct in sustaining Ellison and Appleby's motion for partial summary judgment as to An–Son's counterclaim for interference with business relations.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

ROBINSON, P.J., concurs.

REYNOLDS, J. respectfully dissents and would affirm trial judge in all respects.