**Gene MEYERS, Aldo Eberle, and Donald Northcutt, Plaintiffs,**

v.

**Walter J. KRUGER, III and Fisher & Phillips, Defendants.**

No. 90–121–S.

United States District Court,
E.D. Oklahoma.

Aug. 21, 1990.

Patrick J. Malloy, III, Tulsa, Okl., Leslie V. Williams, Jr., Oklahoma City, Okl., for plaintiffs.

J. Warren Jackman, Tulsa, Okl., Joe Stamper, Antlers, Okl., for defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

SEAY, Chief Judge.

Defendants Walter J. Kruger, III (Kruger) and Fisher & Phillips (F & P) have moved the court to dismiss the amended complaint filed herein by plaintiffs Gene Meyers (Meyers), Aldo Eberle (Eberle), and Donald Northcutt (Northcutt). In this diversity action, plaintiffs have attempted to assert claims for malicious prosecution and abuse of process against defendants. For the reasons stated below, the court finds that defendants' motion is well taken and that this action should be dismissed in its entirety.

*Background*

In April of 1988, Ideal Basic Industries, Inc. (Ideal) instituted Case No. 88–186–C in this court against a local union and four individual workers asserting four claims: RICO, conspiracy, deceit, and abuse of process. The individual workers named as defendants in 88–186–C included plaintiffs Meyers, Eberle, and Northcutt. The asserted claims drew their existence from Ideal's contention that the union and its members were engaging in acts of sabotage against Ideal in the form of vandalism and increased filings of workers' compensa-

tion claims. The union and the workers counterclaimed against Ideal asserting wrongful discharge, abuse of process, and RICO claims.

In accordance with the parties' joint motion, the Honorable H. Dale Cook entered an order dated June 2, 1989, which approved the voluntary dismissals of the parties' respective claims. By such order Ideal agreed to dismiss with prejudice all pending claims against the union and the workers. Likewise, the union and the workers agreed to dismiss with prejudice their wrongful discharge claims against Ideal. All parties agreed to pay their own costs associated with the dismissed claims. The agreed order also allowed the union and the workers to file a new action alleging their abuse of process claim (with some modifications) and adding a malicious prosecution claim against Ideal. In connection with the malicious prosecution claim, the parties agreed, and the court ordered, that "*Ideal* shall not contend as a legal defense to the malicious prosecution claim that the dismissal [of Ideal's claims] is other than a favorable resolution for [the union and the workers] of the dismissed claims." (emphasis added). Neither defendant herein, Kruger nor F & P, was named as party in 88–186–C and the order of dismissal made no reference to either one of them.

Thereafter, the union and the workers, including plaintiffs herein, filed a new action, Case No. 89–275–C, against Ideal asserting malicious prosecution and abuse of process claims. By order dated August 3, 1989, Judge Cook granted Ideal's motion to dismiss the abuse of process claim and denied the motion as to the malicious prosecution claim. Thus, the malicious prosecution claim proceeded to trial with the jury finding the issues in favor of the workers and awarding actual damages in the amount of $7 million and punitive damages in the amount of $8 million. Judge Cook, however, thereafter granted Ideal's motion for judgment notwithstanding the verdict and entered judgment in favor of Ideal and against the workers.[1]

---

**1.** Plaintiffs in 89–275–C have since appealed

both the order dismissing the abuse of process

Plaintiffs have now filed the instant action seeking to assert their malicious prosecution and abuse of process claims against Kruger and F & P, the attorney and law firm that counseled and represented Ideal in connection with the commencement and prosecution of the action in 88–186–C.

*Malicious Prosecution*

■ Malicious prosecution claims should be carefully scrutinized as they are not favored under Oklahoma law. *Glasgow v. Fox,* 757 P.2d 836, 838 (Okla.1988). In order to successfully litigate a malicious prosecution action, the plaintiff has the burden of proving five elements: (1) that the prosecution was commenced against plaintiff; (2) that it was instituted or instigated by defendant; (3) that it was malicious; (4) that it has been legally and finally terminated in plaintiff's favor; and (5) that it was without probable cause. *Young v. First State Bank, Watonga,* 628 P.2d 707, 709 (Okla.1981); *Park v. Security Bank and Trust Co.,* 512 P.2d 113, 115 (Okla.1973); *Kitchens v. Bryan County National Bank,* 825 F.2d 248, 251 (10th. Cir.1987); *Houghton v. Foremost Financial Services Corp.,* 724 F.2d 112, 116 (10th Cir.1984).

Defendants contend that plaintiffs cannot establish element four; that the prosecution of Case No. 88–186–C was legally and finally terminated in plaintiffs' favor.[2] It is defendants' position that the joint motion for dismissals of the underlying claims and the judicial order approving such dismissals operate to prevent plaintiffs from establishing the necessary termination of a prior prosecution in their favor. In sum, defendants claim a settlement of claims does not equate with a termination in plaintiffs' favor.

The Oklahoma Supreme Court has consistently recognized the well established principle that where a termination of a prosecution is pursuant to a compromise or settlement, a later action for malicious prosecution is barred. *Young,* 628 P.2d at 709; *First State Bank v. Denton,* 82 Okla. 137, 198 P. 874 (1921) (and cases cited therein). This principle has been justified on grounds that either the compromise or settlement is an admission of probable cause for the initiation of the prosecution, or that it would be unfair to allow a person to consent to a termination and then take advantage of it. *Young,* 628 P.2d at 710.

■ Turning to the dismissals of both parties' claims in 88–186–C, as evidenced by the joint motion for dismissals and related order, the court finds the termination of the prosecution of the claims against plaintiffs herein (defendants in 88–186–C) was pursuant to a compromise or settlement sufficient to act as a bar to plaintiffs' instant malicious prosecution action. Plaintiffs surrendered valuable consideration in agreeing to the termination of 88–186–C. Plaintiffs agreed to dismiss their retaliatory discharge claims against Ideal; to forego seeking costs associated with the prosecution of the retaliatory discharge claims and defending Ideal's claims; and to limit the nature and scope of additional claims to be filed against Ideal. Clearly, plaintiffs bargained away these valuable rights to secure the dismissal of Ideal's claims against them. The agreement between Ideal and plaintiffs reflects all the characteristics associated with a mutually bargained for settlement.

As part of the settlement, however, plaintiffs secured from Ideal its agreement not to assert the dismissal of its claims against plaintiffs as other than a favorable resolution for plaintiffs. In sum, Ideal agreed, notwithstanding the overall settlement characteristics of the dismissals, that the prosecution in 88–186–C had been legally and finally terminated in plaintiffs' favor. Ideal was perfectly within its rights

claim and the order granting judgment notwithstanding the verdict.

**2.** Defendants initially object to the sufficiency of plaintiffs' complaint on the ground that it is void of any *allegation* that 88–186–C was terminated in plaintiffs' favor. Having recognized their pleading deficiency, plaintiffs have moved

the court to amend their amended complaint to include the requisite allegation. Because of the court's disposition of this action, no prejudice will attach to defendants by the court's viewing of plaintiffs' amended complaint as if it included such allegation.

in agreeing to such a limitation on its defenses in relation to plaintiffs' subsequent lawsuit against it in 89–275–C. By limiting its ability to raise a defense in 89–275–C, Ideal did not, however, bind the instant defendants, Kruger and F & P, to those same terms in *this* action. Kruger and F & P were not parties to the previous litigation and are not bound by agreements reached between plaintiffs and Ideal in connection with the dismissals of their claims against each other.

In an analogous situation, the Oklahoma Supreme Court in *Young* addressed whether a settlement of an action by one defendant bars a co-defendant's action for malicious prosecution. In that action to collect on promissory notes, the Court held that the payment of the underlying debt by one defendant should not bar a defendant who did not settle from pursuing his action for malicious prosecution. *Young,* 628 P.2d at 710. The Court reasoned that a defendant who is not party to a settlement has not consented to such settlement and has made no admissions regarding probable cause to name him as a defendant. *Id.* Thus, the Court refused to bind a non-party to the terms, conditions, and collateral effects of a settlement agreement disposing of the underlying action.[3] To the same extent, this court will not bind defendants herein to the explicit limitation imposed on *Ideal.* Rather, this court will view the joint motion and judicial order in their entirety and give effect to the overall intent encompassed within such documents. The essence of the agreement reached by plaintiffs and Ideal in 88–168–C is a negotiated settlement reflecting the mutual exchange of consideration. Each side walked away from the bargaining table with something of value. The fact that plaintiffs walked away with the ability to pursue *Ideal* in a subsequent litigation without the obstacle of establishing a termination in their favor does not alter the undeniably truth that the parties

settled some of their differences by virtue of the dismissals. There was no final termination of Ideal's claims in favor of plaintiffs. Rather, Ideal's claims were dismissed pursuant to settlement without regard to liability or the validity of such claims. On such a record, this court can only conclude that the subject dismissals were entered pursuant to compromise or agreement of the parties, and that the termination of the prosecution in such a manner cannot support an action for malicious prosecution against defendants.

*Abuse of Process*

Plaintiffs' abuse of process claim centers on the allegation that 88–186–C was filed to promote Ideal's own malevolent design and intent to intimidate Ideal employees into an abandonment of lawful and valid workers compensation claims. Defendants have moved to dismiss claiming that such allegation is legally insufficient.

■ An abuse of process claim requires proof of three essential elements: (1) issuance of process; (2) an ulterior purpose; and (3) a wilful act in the use of process not proper in the regular conduct of the proceeding. *Tulsa Radiology Associates, Inc. v. Hickman,* 683 P.2d 537, 539 (Okla.Ct. App.1984); *Gore v. Taylor,* 792 P.2d 432, 435 (Okla.Ct.App.1990). The third element is explained as:

> [s]ome definite act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process, ...; and there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions. The improper purpose usually takes the form of coersion [sic] to obtain a collateral advantage, not properly involved in the proceeding itself....

---

**3.** The Oklahoma Supreme Court's holding in *Young* comports with United States Supreme Court authority holding that it is a violation of one's due process rights to bind him to a judgment or settlement to which he was not privy and to which he did not have an opportunity to respond and be heard. *Parklane Hosiery Co. v.*

*Shore,* 439 U.S. 322, 327 n. 7, 99 S.Ct. 645, 649 n. 7, 58 L.Ed.2d 552 (1979); *Firefighters Local 93 v. City of Cleveland,* 478 U.S. 501, 529, 106 S.Ct. 3063, 3079, 92 L.Ed.2d 405 (1986); *Ashley v. City of Jackson,* 464 U.S. 900, 902, 104 S.Ct. 255, 257, 78 L.Ed.2d 241 (1983) (Rehnquist, J., dissenting).

*Id.* citing Prosser, *Handbook of the Law of Torts,* § 121 (4th Ed.1971). "[T]he mere filing of a lawsuit even for an improper purpose or motive is not an abuse of process." *Gore,* 792 P.2d at 435. The essence of an abuse of process claim is generally considered to be the "improper use or perversion of process after it has been issued." *Id.* at 435 n. 7.

Plaintiffs' allegation that the filing of 88–186–C was for the purpose of promoting Ideal's intent to intimidate its employees into abandoning lawful workers compensation claims is legally insufficient. Plaintiffs have failed to allege sufficient facts in support of the third element. No allegation is made that defendants committed some wilful act in the use of the process outside the confines of the complaint. In other words, there is no allegation that defendants used the suit to obtain something collateral to the suit itself. All that is alleged is that Ideal, and indirectly defendants, instituted or instigated 88–186–C for an improper purpose. Accordingly, plaintiffs' abuse of process claim must be dismissed.

Based on the foregoing reasons, the court finds that defendants' motion to dismiss plaintiffs' malicious prosecution and abuse of process claims should be granted, and this action dismissed in its entirety.

IT IS SO ORDERED.