**Milford W. PARKER, Appellant,**

v.

**The CITY OF MIDWEST CITY, Oklahoma, a municipal corporation, Appellee.**

**No. 75409.**

Supreme Court of Oklahoma.

March 23, 1993.

---

Michael L. Seymour, Tulsa, for appellant.

Ronald R. Hudson, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellee.

SUMMERS, Justice.

Does the Oklahoma Governmental Tort Claims Act in effect immunize a municipality from liability for malicious prosecution? A literal reading of the pertinent statutes reveals that it does, and requires affirmance of the summary judgment for the City.

Plaintiff Parker ran a nightclub. Officer Strong was a policeman for Midwest City, the Defendant. The two men knew each other, and apparently shared a mutual dis-like. This is a malicious prosecution suit arising from action taken by Officer Strong against Parker.

On March 6, 1986 Officer Strong claims that he suspected that Parker was driving while intoxicated and stopped Parker in his automobile. Parker was ticketed for speeding and driving without a valid license, and charged with driving under the influence of alcohol. Parker did not contest the speeding and no-license charges. At the trial for the DUI charge Parker was acquitted.

Based on this incident Parker brought suit in state court. He alleged malicious prosecution, naming the City of Midwest City, Officer Strong and the Chief of Police as defendants. He claimed he was not intoxicated, that he passed the field sobriety test administered by Strong, and that Strong was activated by malice in causing a DUI charge to be filed against him. He later amended his petition to dismiss Strong and the police chief as individuals.[1] Parker then filed suit on the same facts in federal court against Strong.

In his federal suit he asserted a violation of his constitutional rights by way of a claim under 42 U.S.C. § 1983. Upon motion by Strong the federal district court granted summary judgment in the civil rights case. Although Parker contested most facts surrounding the arrest, the federal court held that Strong had probable cause to arrest Parker, and that probable cause to arrest was a defense to the action. The federal court based its decision on the fact that even though Parker denied speeding and intoxication, the charge of driving without a valid license was "completely uncontroverted."

The City then made a motion in the state court for summary judgment. The basis of the motion was issue preclusion. The federal court had determined that Strong had probable cause to arrest, and because lack of probable cause is a requisite in a malicious prosecution action, the City urged that summary judgment was proper. The

---

1. 51 O.S.1991 § 163(C) forbids suit under the Governmental Tort Claims Act against an *employee* acting within the scope of his employment.

court granted summary judgment based on its findings that (1) the federal court order was "conclusive as to the issue of probable cause", and (2) the Governmental Tort Claims Act, 51 O.S.1991 § 155, applied to preclude liability on the part of the City. Parker appealed.

The Court of Appeals, Division III, reversed the trial court, holding that the question of probable cause under federal civil rights law differed from the question of probable cause under state malicious prosecution law, and thus the state court was not bound by the federal court's decision. We granted certiorari on May 26, 1992. We affirm the trial court's grant of summary judgment, but for reasons to be explained we do not reach the question of probable cause.

 The dispositive question is whether the Governmental Tort Claims Act[2] precludes liability by preserving the sovereign immunity of the City. In his brief the plaintiff correctly sets out the elements of a malicious prosecution action, as follows: (1) the bringing of the original action by the defendant; (2) its successful termination in favor of the plaintiff; (3) want of probable cause to bring the action; (4) malice; and (5) damages. *Young v. First State Bank, Watonga*, 628 P.2d 707 (Okla.1981). In its brief, the City argues that it is not liable because the officer was acting outside the scope of employment. The Act, in Section 153, states that the "state or political subdivision shall not be liable under the provision of this act for any act or omission of an employee acting *outside the scope of his employment*." (emphasis added) "Scope of employment" is defined in the Act as the "performance by an employee *acting in good faith* within the duties of office or employment or of tasks lawfully assigned...." 51 O.S.1991 § 152(9).[3] (emphasis added)

Parker asserts that the City cannot now make this argument in light of the fact that the City had earlier admitted, and even relied for its defense, on the good faith of

Officer Strong. In its answer, the City stated as an affirmative defense that its employees were at all times acting in good faith. In Officer Strong's affidavit he states that he was acting in good faith.

The unique circumstances of this case present a situation in which plaintiff Parker cannot proceed successfully against the City in either the event of Officer Strong's having acted in good faith or in bad faith. The Act specifies that a city is not liable for acts of its employees which are outside the scope of employment. 51 O.S.1991 § 153. The statutory definition of "scope of employment" excludes those acts done in bad faith. 51 O.S.1991 § 152(9). Parker admits that one element he must prove in malicious prosecution is malice. For Parker to recover against the Employer/City under the Tort Claims Act he must prove Strong acted within the scope of his employment. According to the Act, to have been within the scope of his employment, Parker must establish that Strong acted "in good faith."

Can Officer Strong be proven guilty of malicious conduct and simultaneously be found to have been acting within "his scope of employment" so as to make the City liable under the Act? Although this is our first look at the problem the Court of Appeals for the 10th Circuit had a similar case, and said no. In *Houston v. Reich*, 932 F.2d 883 (10th C.C.A.1991), the plaintiff brought suit in federal court against police officers and the city, alleging a beating that amounted to a civil rights violation. The trial court granted a directed verdict for the city at the close of plaintiff's case, but verdicts were returned against the officers. Plaintiff's attempts to collect the judgments were unsuccessful, so plaintiff attempted to enforce the judgments against the city. The city admitted that at all times the defendants were acting police officers and were acting under color of law. The city argued, however, that the Oklahoma Governmental Tort Claims Act pre-

---

**2.** The Governmental Tort Claims Act is codified at 51 O.S.1991 § 151 et seq.

**3.** The pertinent language of the Act has not changed since the incident in question. *See* 52 O.S.Supp.1984 § 152(9) and 153.

cluded its liability because the officers were acting outside their scope of employment. The Tenth Circuit Court of Appeals agreed, relying on Oklahoma's statutory definition of "scope of employment" found at Section 152(9). Because the conduct of the officers amounted to willful and wanton misconduct, the officers acted outside the scope of their employment. Therefore, only the officers individually, and not the city, could be held liable. *Id.* at 890.

If an employee acts outside the scope of employment, the political subdivision is immune from liability. 51 O.S.1991 § 153. A malicious prosecution action against a municipality presents a real problem when considering the "good faith" requirement set forth in the definition of "scope of employment." Malicious prosecution requires, as elements to be proven, lack of probable cause and malice. *Page v. Rose,* 546 P.2d 617, 620 (Okla.1976). These two elements necessarily include some degree of bad faith. *El Reno Gas & Elec. Co. v. Spurgeon,* 30 Okl. 88, 118 P. 397, 400 (1911). In *Park v. Security Bank & Trust Co.,* 512 P.2d 113, 119 (Okla.1973), we held that to show malice in a malicious prosecution claim, the defendant must have acted because of ill-will or hatred, or willfully in a wanton manner. Malice is a "condition of mind which prompts a person to do a wrongful act willfully...." Black's Law Dictionary (5th Ed.).

To the contrary, if a party fully discloses all facts within his or her knowledge to a competent attorney and *acts honestly and in good faith* upon the advice given by the attorney, absence of malice is established. *Ellison v. Gray,* 702 P.2d 360, 366 (Okla.1985); *Moore v. York,* 371 P.2d 469, 472 (Okla.1962). If the actions are made without malice or without ill-will there is necessarily a finding of good faith. In those cases dealing with disclosure to a prosecutor we have stated that acts in good faith after a full and fair disclosure establish absence of malice. *Id.; see also Powell v. LeForce,* 848 P.2d 17 (Okla.1992).

Parker cannot recover damages from the City on the theory of malicious prosecution. If Officer Strong's actions were in bad faith he was acting outside his scope of employment, and thus the City is not liable. 51 O.S.1991 § 153. If, however, Strong was acting in good faith and hence within the scope of employment, Parker cannot prove his case because he cannot establish the necessary element of malice. *Page v. Rose; Young v. First State Bank,* both *supra.* If this seems strange we can only say that the Legislature, after this Court abrogated common-law sovereign immunity in *Vanderpool v. State,* 672 P.2d 1153, 1156 (Okla.1983), readopted sovereign immunity statutorily, "waiving such immunity only to the extent and in the manner provided in this act." 51 O.S.1991 § 152.1. It is a simple reading of the Act itself that compels our conclusion.

We do not address the basis for the order of the District Court granting summary judgment, because it is unnecessary. The order of a trial court will be affirmed on appeal if there is sound legal reason for doing so, whether or not that reason coincides with the rationale employed below. *In re Bartlett,* 680 P.2d 369, 374 (Okla.1984). The Court of Appeals' opinion is vacated and the trial court's summary judgment for the Defendant City of Midwest City is affirmed.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS and HARGRAVE, JJ., concur.

OPALA, J., concurs in judgment.

KAUGER, J., concurs in part; dissents in part.

ALMA WILSON and WATT, JJ., dissent.