Dear President Taylor,
¶ 0 This office has received your request for an Attorney General Opinion in which you asked, in effect:
Does 51 O.S. Supp. 1997, § 162(D) give a State agency,public trust, or authority the discretion to indemnify an officeror employee against liability for exemplary damages arising froma federal civil rights claim?
¶ 1 The pertinent portion of Section 162(D) states:
 The state or a political subdivision shall not, under any circumstances, be responsible to pay or indemnify any employee for any punitive or exemplary damages rendered against the employee. . . .
51 O.S. Supp. 1997, § 162[51-162](D).
¶ 2 Your request points to a potential ambiguity in the statute caused by inclusion of the "be responsible" language. You ask, does the inclusion of these words mean that the governmental body may indemnify an employee for punitive or exemplary damages although it does not have the responsibility to do so?
¶ 3 The short answer to this question is no.
¶ 4 Agencies have only those powers explicitly given them by the Legislature or fairly implied from that explicit authority.Marley v. Cannon, 618 P. 2d 401, 405 (Okla. 1980). Indemnification of public officers and employees[1] is controlled by 51 O.S. Supp. 1997, § 162[51-162] ("Indemnification Section"). Without this statute, governmental entities do not have the power to pay judgments against public employees.[2]
¶ 5 The primary object of statutory construction is to ascertain and give effect to legislative intent. Sullivant v.Oklahoma City, 940 P. 2d 220, 224 (Okla. 1997). When a statutory section contains an ambiguity or is susceptible to more than one interpretation, as you suggest, related sections must be considered and legislative intent determined from the whole statutory scheme. In re Holt, 932 P. 2d 1130, 1135 (Okla. 1997).
¶ 6 Here, the full statutory scheme discloses the Legislature's intention to prevent government payment of exemplary damages awarded against government employees.
¶ 7 The provisions of 51 O.S. Supp. 1997, § 154[51-154] ("Damages Section") limit indemnification of public employees. 51 O.S.Supp. 1997, § 162[51-162](A)(2). The Damages Section states:
 No award for damages in an action or any claim against the state or a political subdivision shall include punitive or exemplary damages.
51 O.S. Supp. 1997, § 154[51-154](B).
¶ 8 As contemplated by the Indemnification Section, a public employee's indemnification request is a claim and action. 51O.S. Supp. 1997, § 162[51-162](B)(1) (providing "[t]he exclusive means of recovering indemnification" from a governmental entity is by court action).
¶ 9 In addition, indemnification may occur only when the employee's offending conduct was (1) not fraudulent or corrupt; (2) in good faith; (3) within the scope of employment; and (4) without invidious discriminatory animus directed toward race, sex, or national origin. 51 O.S. Supp. 1997, §162[51-162](B)(4)(b)-(e).
¶ 10 In a civil rights action, a jury may award exemplary damages only for "discriminatory practices [perpetrated] with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). Malicious acts, by definition, are acts committed without good faith and therefore outside a government worker's scope of employment. Parker v. Midwest City, 850 P. 2d 1065, 1068 (Okla. 1993). Acts performed with reckless disregard of an individual's rights also lack good faith and fall outside the scope of employment. Houston v. Reich, 932 F. 2d 883, 890 (10th Cir. 1991), quoted favorably in Parker, 850 P. 2d at 1068.
¶ 11 Since juries in civil rights cases may award exemplary damages only in instances of bad faith, a governmental entity may not pay those damages.
¶ 12 Bad faith resulting in denial of indemnity is not to be confused with a court's finding that a government employee must proceed to trial because he or she is not protected by qualified immunity. Qualified immunity sometimes is erroneously referred to as "good faith immunity." Before Harlow v. Fitzgerald,457 U.S. 800, 815 (1982), the contingent immunity enjoyed by public employees could correctly be called good faith immunity; however, the Supreme Court abandoned the subjective good faith standard in that case. Id. at 818-19.
¶ 13 In its place, stands qualified immunity, which is a two-pronged, objective test: Does the plaintiff assert violation of a federal constitutional or statutory right and was that right clearly established at the time of the alleged violation so that a reasonable person in the defendant's position would have known the objectionable conduct violated that right? Hollingsworth v.Hill, 110 F. 3d 733, 737 (10th Cir. 1997). Because qualified immunity no longer requires good faith, a court's decision that an employee cannot invoke qualified immunity does not preclude an agency from indemnifying the employee for actual damages awarded in a case.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
State agencies, public trusts, and authorities do not have thediscretion to choose to indemnify a public officer or employeeagainst punitive or exemplary damages awarded in a civil rightssuit, pursuant to 51 O.S. Supp. 1997, § 162(D).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ANDREW TEVINGTON ASSISTANT ATTORNEY GENERAL
[1] In the Governmental Tort Claims Act, 51 O.S. 1991 and Supp. 1997, §§ 151-200, the term "employee" includes public officers; therefore, this Opinion uses "employee" to include both public officers and employees. 51 O.S. Supp. 1997, § 152[51-152](5).
[2] Prior to judicial abolishment of complete sovereign immunity for the State, this question was addressed vis a vis
counties in A.G. Opin. 82-153. There the Attorney General said counties could not indemnify their employees outside the strictures of the Political Subdivisions Tort Claims Act, the predecessor to the Governmental Tort Claims Act.