**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICHARD L. CRUDUP,

      Plaintiff-Appellant,

v.

ROBERT SCHULTE, District
Attorney, JUDGE MARK SMITH,
Comanche County Judge, CITY OF
LAWTON, OKLAHOMA, and
DARRELL SOUTHERLAND, Officer,

      Defendants-Appellees.

No. 00-6396
(D.C. No. 99-CV-1428-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

---

Plaintiff-Appellant Richard L. Crudup ("Crudup") appeals the district

court's dismissal of his 42 U.S.C. § 1983 action. On November 5, 1998, Lawton

Police Officer Darrell Southerland ("Southerland") stopped Crudup's vehicle on

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

suspicion that Crudup was driving with a suspended license. (Doc. 10, Ex. A at 4.) Southerland circled the vehicle and noticed the butt of a revolver visible under the front passenger's seat. (Id. at 8.) Southerland arrested both Crudup and his passenger for unlawful possession of a firearm. (Doc. 45 at 2.) Southerland submitted an offense report to the Comanche County District Attorney's office, and an assistant district attorney filed a charge against him for being a felon in possession of a firearm in violation of Okla. Stat. tit. 21 § 1283. (Doc. 38 at Ex. 2.) Following a preliminary hearing, Judge Mark Smith ("Judge Smith") held that there was probable cause to bind Crudup over for trial. (Id. at Ex. 3.) A jury subsequently acquitted Crudup. (Doc. 46 at 2-3.)

Crudup sued Southerland, Comanche County District Attorney Robert Schulte ("Schulte"), Judge Smith, and the City of Lawton, Oklahoma, alleging they deprived him of his civil rights in violation of 42 U.S.C. § 1983. (Doc. 17.) A magistrate judge, liberally construing Crudup's pro se complaint, concluded that he had alleged acts of malicious prosecution, simple negligence, and negligent entrustment. (Doc. 46 at 3.) Adopting a Report and Recommendation prepared by the magistrate, the district court dismissed the actions against the City of Lawton and Southerland for failure to state a claim. The district court dismissed the remaining claims against Judge Smith and Schulte, holding they

were entitled to absolute immunity from liability.  (Doc. 46; Doc. 50.)  For substantially the reasons relied upon by the district court, we now AFFIRM.

A.    City of Lawton, Oklahoma

The district court dismissed Crudup's complaint against the City of Lawton under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  We review the dismissal of a complaint under Rule 12(b)(6) de novo.  See Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999).

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.  Further, we must liberally construe the allegations of a pro se complaint.

Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (citations omitted).

The district court construed Crudup's claim against Lawton as resting solely on its status as Southerland's employer, and dismissed the complaint reasoning that a city cannot be liable for the acts of its employees under § 1983 because of respondeat superior alone.  (Doc. 46 at 5.)  See Board of County Comm'rs v. Bryan County, Oklahoma, 520 U.S. 397, 405 (1996); Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978).  We agree, and

therefore affirm the district court's order dismissing Crudup's claim against the City of Lawton.

B.  Defendant Southerland

Southerland did not raise the affirmative defense of qualified immunity, and therefore we proceed to the merits of Crudup's claim. Crudup's claims against Southerland are based on a conclusory allegation that Southerland stopped Crudup "to harass [him] for something other than a routine traffic stop." (Doc. 17 at ¶ 10). In subsequent filings, Crudup was more specific, alleging that Southerland's actions were motivated by racial bias.[1] (See, e.g., Doc. 20.) Based on these allegations, the district court construed Crudup's complaint as an attempt to predicate his § 1983 claim on an allegation of malicious prosecution. (Doc. 46 at 3.) Crudup also alleged that Southerland was negligent in failing to ascertain

---

[1]In his brief on appeal, Crudup asserts that the district court failed to consider a violation of the Equal Protection Clause as a possible ground for relief. It is true that the district court did not specifically address this argument in its order. The only allegations in Crudup's complaint that might support such a claim, however, are a conclusory statement that Southerland first approached Crudup "to harass the Plaintiff for something other than a routine traffic stop," and a statement that Crudup had filed a disciplinary complaint against Southerland shortly after the arrest alleging he discriminated against Crudup on the basis of race. (Doc. 17 at 3, ¶¶ 10, 12.) These allegations are at best vague and conclusory, and are thus insufficient to give rise to a claim under the Equal Protection Clause. Cf. Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992) (although court should liberally construe pro se plaintiff's complaint, "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.")

whether Crudup had a valid driver's license before initiating contact. Finally, Crudup alleged a claim of "negligent entrustment" against Southerland. (Doc. 17 at 6, ¶ 22.)

To the extent Crudup's claims are based on negligence, the district court correctly dismissed them on the ground that negligence cannot serve as the basis for a § 1983 claim. See Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a 'deliberate' violation of constitutional rights by the defendant. It cannot be predicated upon negligence." (citations omitted).)

This circuit has held a plaintiff may state a claim under § 1983 for a deprivation of Fourth Amendment rights to be free of unreasonable seizure on the basis of defendant's malicious prosecution of a plaintiff. See Taylor v. Meacham, 82 F.3d 1556, 1561-62 (10th Cir. 1996). "[O]ur circuit takes the common law elements of malicious prosecution as the 'starting point' for the analysis of the § 1983 malicious prosecution claim, but always reaches the ultimate question, which it must, of whether the plaintiff has proven a constitutional violation." Id. at 1561 (emphasis in original). In other words, the evidence ultimately must show that Crudup was subjected to an unreasonable seizure in violation of the Fourth Amendment. Id.

The elements of malicious prosecution in Oklahoma are: "(1) the bringing of the original action by the defendant; (2) its successful termination in favor of the plaintiff; (3) want of probable cause to bring the action; (4) malice; and (5) damages." Parker v. City of Midwest City, 850 P.2d 1065, 1067 (Okla. 1993). In Taylor, we assumed that a wrongful arrest may be a first step leading toward malicious prosecution. See 82 F.3d at 1564 n.8 (citing Albright v. Oliver, 510 U.S. 266, 279 n.5 (1994) (Ginsburg, J., concurring)). As the district court recognized, however, Taylor held that a judge's conclusion that there is sufficient evidence to bind the defendant over for trial after a preliminary hearing breaks the chain of causation between the officer's actions and any violation of a § 1983 plaintiff's fourth amendment rights. See Taylor, 82 F.3d at 1564. Similarly, even accepting that Southerland's actions gave rise to a cognizable § 1983 claim for malicious prosecution, in this case Judge Smith's finding of probable cause to bind Crudup over for trial is fatal to the claim.[2]

---

[2]The district court correctly noted that Crudup alleged a police officer gave perjured testimony during his preliminary hearing, and that Taylor is arguably distinguishable on that basis. (Doc. 46 at 14 n.8; Doc. 45, Affidavit at 1-2.) We agree with the district court, however, that Crudup's blanket statement to that effect, without identifying either the content of the false testimony, the witness who offered the testimony, or the stage of the proceedings in which it was offered, is insufficient to give rise to a genuine question of material fact on this issue. Cf. Northington, 973 F.2d at 1521(court should dismiss claims which are supported only by vague and conclusory allegations).

C.    Defendants Smith and Schulte

The district court, after considering affidavits submitted by the defendants and giving Crudup an opportunity to respond with additional evidence, granted the defendants' motion for summary judgment, holding that both Schulte and Judge Smith were entitled to absolute immunity from liability on these claims. (Doc. 46 at 6.)  We review the district court's grant of summary judgment de novo, applying the same standards as the district court in determining whether genuine issues of material fact exist, and, if not, whether the movant is entitled to judgment as a matter of law.  See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999).  We liberally construe a pro se litigant's pleadings in conducting our review, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but we do not consider materials or arguments not presented to the district court, see Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1319 (10th Cir. 1998).

We agree with the district court that Judge Smith is entitled to summary judgment on grounds of absolute judicial immunity.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (citations and quotations omitted).

- 7 -

Crudup has not alleged any action taken by Judge Smith that occurred either outside of his judicial capacity or in the clear absence of jurisdiction, and therefore he is immune from § 1983 liability in this case.[3]

We likewise affirm the district court's grant of summary judgment in favor of Comanche County District Attorney Robert Schulte. First, the evidence shows that Schulte was not personally involved in Crudup's prosecution, and was aware of the case only in his capacity as the prosecuting attorney's supervisor. (Doc. 38, Schulte Affidavit at ¶ 9.) Thus, whatever claims Crudup might have alleged against the assistant district attorney prosecuting his case, the record contains no evidence that would support § 1983 liability on the part of Schulte. Cf. Smith v. Maschner, 899 F.2d 940, 950-51 (10th Cir. 1991) (respondeat superior alone will not support § 1983 liability); Coleman v. Turpen, 697 F.2d 1341, 1346 n.7 (10th Cir. 1982) ("Prosecutor Turpen, to be liable [under § 1983], must have been personally involved in the deprivation."). Further, Schulte enjoys broad

_____

[3]Crudup's affidavit alleges that Judge Smith conducted an ex parte meeting with the assistant district attorney prosecuting Crudup's case, and subsequently imposed an excessive and financially ruinous bond on him. (Doc. 45, Attached Affidavit.) We have noted, however, that "judges enjoy absolute immunity from liability under § 1983 – even when the judge allegedly conspires with private parties." Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994) (citing Dennis v. Sparks, 449 U.S. 24, 28-32 (1980)). Therefore, even if we were to conclude that Crudup's allegation was sufficient to raise a triable question of fact as to whether Judge Smith conspired with the assistant district attorney, this would not materially change our analysis of this issue.

immunity for actions taken in his capacity as a prosecutor.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").  This immunity extends to all activities that are "intimately associated with the judicial . . . process." Id. at 430-31; see also Scott v. Hern, 216 F.3d 897, 908 (10th Cir. 2000).  In this case, all of the actions said to have given rise to Crudup's alleged constitutional injuries were intimately associated with the prosecution's role in bringing criminal charges against Crudup, and therefore they fall within this grant of immunity.  Cf. Imbler, 424 U.S. at 428-29 (prosecutor is immune from § 1983 liability for malicious prosecution).

D.    Conclusion

For the forgoing reasons, we AFFIRM the district court's dismissal of Crudup's claim against the City of Lawton and Southerland for failure to state a claim.  We further AFFIRM the district court's grant of summary judgment in favor of the remaining defendants.  We DENY, however, a motion appended to Southerland's and the City of Lawton's answer brief alleging Crudup's appeal was frivolous and seeking double costs pursuant to Fed. R. App. P. 38.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge